UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
UNITED STATES OF AMERICA
                                                    :
                                                            12 Cr. 847 (PGG)
    - v. -                                          :

GILBERTO VALLE,                                     :

            Defendant.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF
DEFENSE EXPERT WITNESS PARK DIETZ**


                 PREET BHARARA
                 United States Attorney for the
                 Southern District of New York
                 One St. Andrew's Plaza
                 New York, New York 10007

Hadassa Waxman
Randall W. Jackson
Assistant United States Attorneys
   -Of Counsel-

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :

UNITED STATES OF AMERICA        :

                                           :             **12 Cr. 847 (PGG)**

   - v. -                              :

**GILBERTO VALLE,**               :

          **Defendant.**       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF DEFENSE EXPERT WITNESS PARK DIETZ

The Government respectfully moves *in limine* to preclude the testimony of defense expert Park Dietz, M.D., M.P.H., Ph. D. First, the purported notice provided by the defendant is insufficient under Rules 12.2 and 16 of the Federal Rules of Criminal Procedure. Second, as described in the defendant's expert notice, the testimony of Dr. Dietz would either be unhelpful under Rule 702 or would violate Rule 704(b) of the Federal Rules of Evidence. For the reasons described in more detail below, the Court should preclude this testimony.

### BACKGROUND

On November 15, 2012, a grand jury in the Southern District of New York returned an Indictment charging defendant Gilberto Valle with participating in a kidnapping conspiracy and with unauthorized access to a federal database. The case was assigned to Your Honor, and trial was scheduled for January 22, 2013.

On January 7, 2013, the defendant filed a letter to the Government, purporting to provide notice, pursuant to Rules 12.2(b) and 16(b)(1)(C) of the Federal Rules of Criminal Procedure, of his intent to call Dr. Dietz to offer "expert psychiatric testimony bearing on Mr. Valle's

innocence." Exp. Not. at 1.[1] Specifically, the letter set out three conclusions that the defense intends to elicit from Dr. Dietz: (1) "that Mr. Valle does not suffer from any major mental illness, psychotic illness, or personality disorder associated with violence of criminality. He is not a psychopath or sociopath, does not have an antisocial personality disorder, and does not suffer from schizophrenia or any other illness characterized by delusions, hallucinations, disordered thinking, or impairment in reality testing"; (2) "that Mr. Valle does meet the diagnostic criteria for Paraphilia . . . . and will testify that the essential feature of a Paraphilia are recurrent, intense sexually arousing fantasies, sexual urges, or behaviors generally involving 1) nonhuman objects, 2) the suffering or humiliation of oneself or one's partner, or 3) non-consenting persons"; and (3) "Dr. Dietz will testify in detail about Mr. Valle's sexual history . . . . Dr. Dietz will further testify that Mr. Valle's internet communications and related actions in this case are consistent with the *modus operandi* of fantasy role-play and storytelling engaged in by people who have a Paraphilia." Exp. Not. at 3-5.

The letter further stated that Dr. Dietz "will also testify about sexual subcultures such as the bondage/domination/sadism/masochism (BDSM) subculture and the specialized sexual fantasy communities in cyberspace." Exp. Not. at 4.

## DISCUSSION

**A.    Applicable Law**

Rule 12.2(b) of the Federal Rules of Criminal Procedure provides:

> (b) Notice of Expert Evidence of a Mental Condition. If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must—within the time

---

[1] "Exp. Not." refers to the defendant's January 7, 2013 letter regarding Dr. Dietz.

>provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

Fed. R. Crim. P. 12.2(b).  Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure provides that "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if . . . (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition."  Rule 702 of the Federal Rules of Evidence provides:

>A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Rule 704 of the Federal Rules of Evidence provides:

>(a) In General–Not Automatically Objectionable. An opinion is not objectionable just because it embraces an ultimate issue. (b) Exception. In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."

Fed. R. Evid. 704.

### B. The Notice Provided by the Defendant is Insufficient Under Rules 12.2 and 16 of the Federal Rules of Criminal Procedure.

The expert notice provided by the defendant leaves unclear what conclusions Dr. Dietz will offer at trial. For example, the summary states that Dr. Dietz "will testify in detail about Mr.

Valle's sexual history," (Exp. Not. at 4) but offers no explanation of what this testimony will entail or how it will relate to the expert's conclusions regarding Valle's supposed paraphilia. The summary states that Dr. Dietz "will explain the risk factors for violence for people with sadistic erotic fantasies," (Exp. Not. at 4) but offers no explanation of the nature of these risk factors or the nature of the research upon which Dr. Dietz is relying to arrive at this conclusion; the summary also provides no proffer of the conclusion the expert will offer with regard to these risk factors and their relationship to the defendant's activities. The summary asserts that "Dr. Dietz will also explain the bases and reasons for his conclusions," (Exp. Not. at 5) but fails to provide any of those bases or reasons in the summary, instead simply listing some of the sources of Dr. Dietz's alleged expertise, such as his "study of sadism in pornography." (Exp. Not. at 5). Moreover, the defendant's expert notice lacks any details regarding the observations which are the basis of the doctor's conclusions.

      The failure here to provide adequate notice is sufficient cause for exclusion of this testimony. The Federal Rules' expert disclosure provisions exist in part in order to allow opposing counsel the opportunity to adequately prepare for cross-examination and to select appropriate rebuttal witnesses. *See United States* v. *Day*, 524 F.3d 1361, 1372 (D.C. Cir. 2008) ("purpose of Rule 16(b)(1)(C) is to 'minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination'") (quoting Fed. R. Crim. P. 16 Advisory Committee's Note); *Cf. Tin Yat Chin*, 476 F.3d at 146 (indicating that no attorney, "no matter how experienced, can fairly be asked to cross-examine on a moment's notice a witness who comes clothed with all the impressive credentials and specialized training of an expert and whose opinions and methods with respect to the case at hand have been subject

to no prior scrutiny."). In *Day*, the D.C. Circuit affirmed the district court's exclusion of expert psychological testimony regarding the defendant's purported psychological condition preventing him from having the requisite *mens rea* to complete the crime because the defense provided inadequate expert disclosure under Rule 16(b)(1)(C)(ii). *See Day*, 524 F.3d at 1370-72. Describing the events leading up to the exclusion, the court noted that "[t]he Government received [the expert's] report on March 17 and moved to strike it because the two-page report was so vague that it did not meet the standards set forth in Rule 16." *Id.* at 1371. The D.C. Circuit observed that "[a]lthough [the expert's] report provided a page-long list of tests he had performed on Day, interviews he had conducted, and other expert reports he had read, the report failed to state what Dr. Spodak had concluded from any individual test result, interview, or expert report." *Id.* at 1371-72.  Given the failure to provide adequate disclosure close to the date of the trial, the court concluded that "it was not an abuse of discretion for the District Court to conclude that the appropriate sanction for the Rule 16 violation was the exclusion of [the expert's] testimony." *Id.* at 1372. The court noted that no finding of bad faith was required in order to justify the exclusion of the testimony. *Id.*

Here, while the defendant's report offers a very general diagnosis of Paraphilia, as described above, the report is simply devoid of the type of specific information that would be expected and necessary in order to render the report useful. Under these circumstances, particularly given that the Court granted the defendant an extension of time to complete an adequate report, the appropriate remedy is the exclusion of Dr. Dietz's testimony.

### C. The Testimony of Dr. Dietz Would Either Be Unhelpful Under Rule 702 or Would Violate Rule 704(b) of the Federal Rules of Evidence

Even if the defendant had provided sufficient notice, preclusion of Dr. Dietz's testimony would be appropriate because the testimony as described would either be unhelpful under Rule 702 or would violate Rule 704(b) of the Federal Rules of Evidence. *See United States* v. *DiDomenico*, 985 F.2d 1159, 1164 (2d Cir. 1993) (affirming district court's exclusion of expert testimony regarding defendant's supposed "dependent personality disorder" where district court determined that such testimony would be unhelpful to the jury). Consideration of each of the four factors described in Rule 702 indicates that Dr. Dietz's testimony should be excluded. First, the summary provided by the defense does not establish that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Crim. P. 702. Certain of the proffered "conclusions" of Dr. Dietz are irrelevant on their face, such as the assertion that "Dr. Dietz is expected to testify that Mr. Valle does not suffer from any major mental illness, psychotic illness, or personality disorder associated with violence or criminality." Exp. Not. at 3. This conclusion could presumably be offered in the vast majority of cases prosecuted in the federal courts, and sheds no light on the critical questions that will be raised at trial. Other proffered "conclusions" are vague and devoid of an obvious connection to the issues at trial, such as the proffer that Dr. Dietz "will also testify about sexual subcultures such as the bondage/domination/sadism/masochism (BDSM) subculture and the specialized sexual fantasy communities in cyberspace." Exp. Not. at 4. The existence and nature of such communities, however, will not be a genuine issue at trial. The question will be whether Mr. Valle actually intended to participate in a conspiracy to kidnap individuals and engaged in violent acts. As described above, because of the insufficient expert disclosure, it is

impossible to conclude that Dr. Dietz's testimony "is based on sufficient facts or data," " is the product of reliable principles and methods," or is the product of "the expert ha[ving] reliably applied the principles and methods to the facts of the case." Fed. Rule Crim. P. 702.[2] The Court should exclude the proffered expert testimony as unhelpful.

To the extent that the testimony of Dr. Dietz would be relevant, it would be impermissible under Rule 704(b) because it would "state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). The summary proffers that "Dr. Dietz will further testify that Mr. Valle's internet communications and related actions in this case are consistent with the *modus operandi* of fantasy role-play and storytelling engaged in by people who have a Paraphilia." Exp. Not. at 5. In *DiDomenico*, the Second Circuit concluded that the defense expert's psychological testimony "was also properly excluded under Fed. R. Evid. 704(b)." *DiDominico*, 985 F.2d at 1164. The court observed that "[t]he rule recognizes that expert testimony concerning a defendant's mental state poses a uniquely heightened danger of intruding on the jury's function." *Id.* The court further noted that, while DiDominico suggested that her proffered expert testimony did not exactly state an opinion on the ultimate issue, this was "semantic camouflage" where the expert opinion essentially stated an opinion on the ultimate issue. *See id.* at 1165. Here, similarly, while the defendant may argue that the expert proffer falls short of an opinion on the ultimate issue, the nature of proffer, considered as a whole, leaves little question that the defense intended to elicit from Dr. Dietz an opinion that Valle was only engaging in "fantasy-role play" and therefore lacked the requisite mental state to complete the

---

[2] Indeed, Dr. Dietz's opinions as described in the defense summary are sufficiently vague and wide-ranging as to raise a question of their admissibility under Rule 403 of the Federal Rules of Evidence, given the substantial likelihood of juror confusion.

crime. This is inappropriate testimony. *See also United States* v. *Dupre*, 462 F.3d 131, 138 (2d Cir. 2006) (affirming district court's exclusion of expert psychological testimony that defendant had psychological condition related to religious beliefs which interfered with here ability to form necessary mens rea, noting "we share the District Court's concern that the proffered evidence might have constituted an impermissible opinion about the 'ultimate issue' of whether Dupre possessed the mental state constituting an element of wire fraud") (quoting Fed. R. Evid. 704(b)). The Court should exclude this testimony as violative of Rule 704(b).

### D. Rebuttal Witness Notice

Finally, to the extent that the Court allows Dr. Dietz to offer any portion of his proffered testimony, the Government hereby provides notice that it may seek to call an expert as a rebuttal witness. Specifically, the Government may call Dr. Louis Schlesinger, a forensic psychologist and professor of psychology at John Jay College of Criminal Justice, to offer testimony regarding the nature of Paraphilia and other possible aspects of Dr. Dietz's testimony.[3]

---

[3] Rule 16 requires only expert disclosure with regard to an expected witness in the Government's case-in-chief. Fed. R. Crim. P. 16(b)(1)(C). The Second Circuit, however, has cautioned against the untimely disclosure of potential rebuttal expert witnesses where such a witness has been identified and relevant opinions have been procured. *See United States* v. *Tin Yat Chin*, 476 F.3d 144, 146 (2d Cir. 2007). In an abundance of caution, the Government discloses Dr. Schlesinger as a potential rebuttal witness, but at this time the Government has not sought any specific opinion from Dr. Schlesinger and is unaware of what testimony might be required in any rebuttal case.

## CONCLUSION

For all of the reasons described above, the Court should deny the motion for temporary release.

New York, New York
January 9, 2013

             Respectfully submitted,

             _____/s/_____
             Hadassa Waxman
             Randall W. Jackson
             Assistant United States Attorneys
             212-637-2277/1029