```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                     :
UNITED STATES OF AMERICA
                                     :
          - v. -
                                     :  12 Cr. 847 (PGG)
GILBERTO VALLE,
                                     :
                   Defendant.        :
- - - - - - - - - - - - - - - - - - -x
```

GOVERNMENT'S REQUESTS TO CHARGE

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
    of America

Hadassa Waxman
Randall W. Jackson
Assistant United States Attorneys
    - Of Counsel -

## TABLE OF CONTENTS

| Request No. | Description | Page |
|---|---|---|

1.     General Requests.. . . . . . . . . . . . . 2
2.     The Indictment.. . . . . . . . . . . . . . 3
3.     Summary of Indictment. . . . . . . . . . . 4

*Count One - Kidnapping Conspiracy*

4.     Conspiracy.. . . . . . . . . . . . . . . 6
5.     Elements of Conspiracy.. . . . . . . . . . 8
6.     First Element - Existence Of The Conspiracy. . 10
7.     Second Element - Membership In The Conspiracy. 14
8.     Third Element - Overt Act. . . . . . . . . 18
9.     Underlying Offense - Kidnapping . . . . . . 20
10.    First Element - Seize, Confine or Kidnap . . . 22
11.    Second Element - Ransom, Reward or Otherwise. . 23
12.    Third Element - Transportation in Interstate
      Commerce . . . . . . . . . . . . . . . . .24
13.    Fourth Element - Unlawfully, Knowingly,
      Willfully. . . . . . . . . . . . . . . . .25

*Count Two - Accessing A Federal Government Computer Database Without Authorization*

14.    Elements of the Offense. . . . . . . . . . 26
15.    First Element - Unauthorized Access of a
      Computer . . . . . . . . . . . . . . . . 28
16.    Second Element - Intentional Conduct.. . . . . 29
17.    Third Element - Obtaining Federal Information . 26

*Counts One And Three - Kidnapping And Narcotics Conspiracies*

18.    Liability For Acts And Declarations Of
      Co-Conspirators. . . . . . . . . . . . . . 33

*Miscellaneous Requests*

19.    Venue. . . . . . . . . . . . . . . . . . 34
20.    Particular Investigative Techniques
      Not Required. . . . . . . . . . . . . . . 35
21.    Stipulations.. . . . . . . . . . . . . . . 36
22.    Use Of Evidence Obtained Pursuant To Search. . 37
23.    Persons Not On Trial Or Not Indicted.. . . . . 38
24.    Improper Considerations: Race, Religion,
      National Origin, Sex Or Age. . . . . . . . . 40
25.    Defendant's Testimony. . . . . . . . . . . 41
26.    Defendant's Right Not To Testify.. . . . . . . 42
27.    Statements Of The Defendant. . . . . . . . . 43
28.    Uncalled Witnesses: Equally Available To
      Both Sides. . . . . . . . . . . . . . . . 44

29.     Variance In Dates. . . . . . . . . . . . . .   45
30.     Preparation Of Witnesses.. . . . . . . . . .   46
31.     Law Enforcement Witnesses. . . . . . . . . .   47
32.     Expert Testimony.. . . . . . . . . . . . . .   48
33.     Character Testimony. . . . . . . . . . . . .   50
34.     Conclusion.. . . . . . . . . . . . . . . . .   51

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                      :
UNITED STATES OF AMERICA
                                      :
          - v. -
                                      :  12 Cr. 847 (PGG)
GILBERTO VALLE,
                                      :
                  Defendant.          :
- - - - - - - - - - - - - - - - - - -x
```

<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury

b.  Indictment not Evidence

c.  Statements of Court and Counsel not Evidence

d.  Rulings on Evidence and Objections

e.  Burden of Proof and Presumption of Innocence

f.  Reasonable Doubt

g.  Government Treated Like Any Other Party

h.  Definitions and Examples of Direct and Circumstantial Evidence

i.  Credibility of Witnesses

j.  Interest in Outcome

k.  Right to See Exhibits and Have Testimony Read During Deliberations

l.  Sympathy:  Oath as Jurors

m.  Punishment Is Not to Be Considered by the Jury

n.  Verdict of Guilt or Innocence Must be Unanimous

## **REQUEST NO. 2**

## **The Indictment**

The defendant, GILBERTO VALLE, is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  Before you begin your deliberations, you will be provided with a copy of the Indictment.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

## REQUEST NO. 3

## Summary Of Indictment

The Indictment contains a total of two counts, or charges.  Count One of the Indictment charges the defendant with committing the crime of conspiracy.  A conspiracy is an illegal agreement between two or more people to engage in a particular crime.  The conspiracy – or agreement – to commit a crime is a separate offense from the actual commission of that crime, which the law calls a "substantive" offense.  I will explain the elements of each of the crimes charged in the Indictment in a moment.  For now, I will simply outline the particular conspiracy count and the substantive count contained in the Indictment.

Count One charges that from in or about January 2012, up through and including on or about October 24, 2012, GILBERTO VALLE and others participated in a conspiracy to commit kidnapping.  Count One alleges that (1) on or about July 9, 2012, as part of that conspiracy, VALLE communicated with another individual about the kidnapping, cooking and eating body parts of a particular woman; (2) on or about July 22, 2012, VALLE traveled to Maryland to meet with a potential kidnapping victim; and (3) on or about May 31, 2012, VALLE accessed a law enforcement database in connection with the kidnapping scheme.

Count Two charges the defendant with accessing a Federal government computer database without authorization. Specifically, Count Two charges that on or about May 31, 2012, VALLE accessed, without authorization and outside the scope of

4

his authority, the National Crime Information ("NCIC") Database,
and obtained information from a department or agency of the
United States.

**REQUEST NO. 4**

**Count One**
**Kidnapping Conspiracy**

Count One of the Indictment charges VALLE with conspiracy to commit kidnapping.

I will explain in more detail what a conspiracy is in a moment, but first let me read the Indictment to you.

*[The Court is respectfully requested to read Count One.]*

**Conspiracy**

A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to commit kidnapping, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense even though the substantive crime that was the object of the conspiracy was not actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is

6

its objective, the offense of conspiracy may
be established even if the collaborators do
not reach their goal.")

**<u>REQUEST NO. 5</u>**

**Count One**
**Kidnapping Conspiracy**

**<u>Elements of Conspiracy</u>**

In order to sustain its burden of proof with respect to the allegation of the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt, the following three elements:

<u>First</u>, the existence of the conspiracy charged in Count One; that is, an agreement or understanding to commit kidnapping.

The first element then is:  Did the conspiracy alleged in the indictment exist?  Was there such a conspiracy?

<u>Second</u>, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy; that is, that he knowingly associated himself and participated in the alleged conspiracy to commit kidnapping.

<u>Third</u>, the Government must prove that any one of the conspirators – not necessarily the defendant, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy in the Southern District of New York.  The Southern District of New York encompasses all of Manhattan, the Bronx, Westchester County, Rockland County, Dutchess County, Putnam County, Orange County, and Sullivan County.  Anything that occurs in any of those locations occurs in the Southern District of New York.

8

Each of these elements must be satisfied beyond a reasonable doubt.

Now let us separately consider the three elements. First, the existence of the conspiracy; second, whether the defendant associated himself with and participated in the conspiracy; and third, whether an overt act was committed in furtherance of the conspiracy.

Adapted from the charge of the Honorable
Leonard B. Sand in United States v. Rios, 91
Cr. 914 (LBS) (S.D.N.Y. 1992).

<u>**REQUEST NO. 6**</u>

**Count One**
**Kidnapping Conspiracy**

<u>**First Element – Existence Of The Conspiracy**</u>

Starting with the first element, what is a conspiracy? As I mentioned, a conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish by concerted action a criminal or unlawful purpose.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.  The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an essential element of that crime.

The conspiracy alleged here therefore is the agreement to commit the crime.  That is an entirely separate and distinct offense from the underlying offense, which the law calls a "substantive crime."  The crime of conspiracy is complete once the unlawful agreement is made.  Accordingly, you may find a defendant guilty of the crime of conspiracy to commit kidnapping even though the object of the conspiracy, that is, the actual kidnapping itself, might not actually have been committed.  The ultimate success of the conspiracy is not required.

To prove a conspiracy, the Government is not required to show that individuals sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be

10

carried out or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, a great deal is left to unexpressed understanding. From its very nature, a conspiracy is almost invariably secret in its origin and execution. Conspirators do not usually reduce their agreements to writing or acknowledge them in front of a notary public; nor do they normally publicly broadcast their plans. Thus you may infer the existence of a conspiracy from the circumstances of the case and conduct of the parties involved.

To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy in fact existed. You need only find that two or more persons came to an understanding to commit the crime alleged in the Indictment.

In determining whether there has been an unlawful agreement, you may consider the acts and conduct of the alleged co-conspirators which were done to carry out the apparent

11

criminal purpose.  The adage "actions speak louder than words" is applicable here.  Usually the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken together and considered as a whole, however, those acts are capable of showing a conspiracy or agreement as conclusively as would more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In deciding whether the alleged conspiracy in fact existed, you may consider all the evidence of the acts, conduct, and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual

12

understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

## Object Of The Conspiracy

Count One charges that the objective of the conspiracy was to seize, confine, inveigle, decoy, kidnap or abduct individuals.

If you find that the conspiracy - if you have found one to exist - had the charged objective, the illegal purpose element will be satisfied.

> Adapted from the charges of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27, 2004), and the Honorable John F. Keenan, United States v. Paa Smith, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002) (narcotics charge regarding elements of conspiracy).
>
> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.") (citations omitted). See also United States v. Rubin, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

## REQUEST NO. 7

### Count One
### Kidnapping Conspiracy

### Second Element – Membership In The Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, and that is whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The Government must prove by evidence of the defendant's own actions and conduct beyond a reasonable doubt, that he wilfully, and knowingly entered into the conspiracy, into the agreement, with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objectives.

### "Wilfully," And "Knowingly" Defined

As to this element, the terms "wilfully," and "knowingly" mean that you must be satisfied beyond a reasonable doubt that the defendant, in joining the conspiracy – if you find that he did join the conspiracy – knew what he was doing; that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" if it is done purposefully and deliberately, and not because of mistake or accident or mere negligence or some other innocent reason.

An act is done "wilfully" if it is done voluntarily, intentionally, and with a bad purpose; that is, a purpose to do

14

something that the law forbids.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what he is thinking.  However, you do have before you the evidence of certain acts and conversations alleged to have taken place with the defendant or in his presence.  The Government contends that these acts and conversations show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purposes of the conspiracy.

The defendant denies that he was a member of a conspiracy.  It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent existed on the part of the defendant.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part.  To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  It is not even necessary that a defendant know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary that a defendant receive any monetary benefit from his participation in the conspiracy or have a financial stake in the outcome so long as he in fact participated in the conspiracy in the manner I have explained.

15

The duration and extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined it for any purpose at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant you are considering have participated in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering

16

an illegal undertaking.  The defendant thereby becomes a knowing

and willing participant in the unlawful agreement – that is to

say, a conspirator.

A conspiracy, once formed, is presumed to continue

until either its objective is accomplished or there is some

affirmative act of termination by its members.  So, too, once a

person is found to be a member of a conspiracy, he is presumed to

continue his membership in the venture until its termination,

unless it is shown by some affirmative proof that he withdrew and

disassociated himself from it.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand,
> Modern Federal Jury Instructions, Instr. 19-
> 6.
>
> See United States v. Rea, 958 F.2d 1206, 1214
> (2d Cir. 1992) ("The defendant's knowledge of
> the conspiracy and participation in it with
> the requisite criminal intent may be
> established through circumstantial evidence.
> A defendant need not have joined a conspiracy
> at its inception in order to incur liability
> for the unlawful acts of the conspiracy
> committed both before and after he or she
> became a member.") (citations omitted).  See
> also United States v. Miranda-Ortiz, 926 F.2d
> 172, 175-6 (2d Cir. 1991) (generally
> discussing proof required to show membership
> in conspiracy); and United States v.
> Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir.
> 1990) (same).

**REQUEST NO. 8**

**Count One**
**Kidnapping Conspiracy**

**Third Element – Overt Act**

The third element is the requirement of an overt act. To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators – but not necessarily the defendant – in the Southern District of New York.

I instruct you as a matter of law that Manhattan, the Bronx, Westchester County, Rockland County, Dutchess County, Putnam County, Orange County, and Sullivan County each fall within the geographic boundaries of the Southern District of New York.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.  The only requirement is that one of the members of the conspiracy – again, either the defendant or any other individual you find to have been a co-conspirator – has taken some step or action in furtherance of the conspiracy in the Southern District of New York during the life of the conspiracy.

Let me put it colloquially.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act

18

is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove any particular overt acts, or even that the defendant committed an overt act.  It is sufficient for the Government to show that the defendant or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time or in precisely the place alleged in the Indictment.  In fact, the overt act need not even be the one alleged in the Indictment.  It can be any overt act, whether alleged in the Indictment or not, if you are convinced beyond a reasonable doubt that it occurred while the conspiracy was still in existence.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992).

**REQUEST NO. 9**

**Count One (underlying offense)**
**Kidnapping (18 U.S.C. §. 1201)**

Let me now turn to the underlying crime that is charged as the objective of the conspiracy charged in Count One of the Indictment. Count One of the indictment charges that an object of the conspiracy was the kidnapping of a person in violation of Title 18, United States Code, Section 1201. I will now instruct you on the elements of this offense, the commission of which is charged as an the objective of the conspiracy:

First, that an individual was seized, or confined, or kidnapped, or abducted;

Second, that an individual was held for ransom, or held reward, or held for any other reason; and

Third, that an individual was transported in interstate or foreign commerce, or that defendant traveled in interstate or foreign commerce, or that a defendant used a facility or instrumentality of interstate or foreign commerce in committing or in furtherance of the kidnapping.

Fourth, that these activities were done unlawfully, knowingly, and willfully.

I want to stress again that here, the Indictment charges only that the defendant conspired to commit this offense, so the Government is not required to prove that the defendant actually completed each of these elements. The Government is,

20

however, required to prove that the kidnapping crime which was

the objective of the conspiracy included all of the elements as I

have just explained them. Now let us separately consider each

element.

> See 18 U.S.C. § 1201; see also Sand, Modern
> Federal Jury Instructions, Instr. 42-2; cf.
> United States v. Coplan, No. 10-583-cr.
> --- F.3d ----, 2012 WL 5954654 at *13 (2d
> Cir. Nov. 29, 2012)

**REQUEST NO. 10**

**Count One (underlying offense)**
**Kidnapping**

**First Element - Seize, Confine, Or Kidnap**

The first element of the underlying offense requires proof that an individual was seized, confined, kidnapped, abducted, or carried away.

"Kidnap" means to take and carry away a person by force and against his or her will.  "Seize," "confine," "abduct," and "carry away" all mean the physical or bodily taking and carrying away of a person, or the holding or restriction of someone by force or without that person's consent.

18 U.S.C. § 1201; see also Sand, Modern Federal
Jury Instructions, Instr. 42-3.

22

**REQUEST NO. 11**

**<u>Count One (underlying offense)</u>**
**<u>Kidnapping</u>**

**<u>Second Element - Ransom, Reward, Or Otherwise</u>**

The second element of the underlying offense requires proof that the individual was held for ransom, or held for reward, or held for some other reason.

In order to satisfy this element, there is no requirement of proof that the reason the individual was held was for reward or pecuniary gain.  It is sufficient to satisfy this element if there is proof that the kidnapping was done for some purpose, such as for personal gratification or pleasure.

18 U.S.C. § 1201; see also Sand, Modern
Federal Jury Instructions, Instr. 42-4.

23

**REQUEST NO. 12**

**Count One (underlying offense)
Kidnapping**

**Third Element - Transportation In Interstate Commerce**

The third element of the underlying offense requires proof of one of three circumstances: either (1) that the person who was kidnapped was transported in interstate commerce; or (2) that a defendant traveled in interstate commerce; or (3) that a defendant used the mail or any means, facility, or instrumentality of interstate commerce in committing or in furtherance of the conspiracy.

Interstate or foreign commerce simply means movement across a state line or an international border.

Thus, one way to establish this element is with proof that a defendant transported or moved the individual from one state to another, or across an international border.

Another way to establish this element is with proof that a defendant traveled in interstate or foreign commerce in connection with the kidnapping scheme.

A third way to establish this element is with proof that a defendant used the United States mail or any means, facility, or instrumentality of interstate or foreign commerce in connection with the kidnapping scheme. The term "means, facility, or instrumentality of interstate or foreign commerce" includes the use of the telephone or the Internet in furtherance of the commission of the offense.

18 U.S.C. § 1201; see also Sand, Modern Federal
Jury Instructions, Instr. 42-5.

24

## REQUEST NO. 13

### Count One (underlying offense)
### Kidnapping

### Fourth Element - "Unlawfully," "Knowingly," And
### "Willfully"

The final element of the underlying offense is that the defendant acted unlawfully, knowingly, and willfully.

I have already defined the relevant terms terms with reference to the kidnapping conspiracy.

In order to satisfy this element of the underlying offense, the Government would be required to prove that a defendant knew that the individual he was kidnapping would not be accompanying him voluntarily but rather would be forced or coerced to come along.

As i have previously stated, however, the underlying, substantive offense is not charged in this case. The defendant is charged with conspiring to commit the offense of kidnapping. I have explained the law of the underlying offense only to guide with regard to your consideration of whether the conspiracy had the requisite goals under the law.

> 18 U.S.C. § 1201; see also Sand,
> Modern Federal Jury Instructions,
> Instr. 42-5.

25

**REQUEST NO. 14**

**Count Two**
**Accessing A Federal Government Computer Database**
**Without Authorization**

**Elements Of the Offense**

Count Two charges the crime of unauthorized access to a Federal government computer database. Specifically, Count Two charges VALLE, with accessing a Federal computer database without authorization, and obtaining information from the a department or agency of the United States, on or about May 31, 2012.

> *[The Court is respectfully requested to read Count Two to the jury.]*

In order to sustain its burden of proof with respect to the allegation of unauthorized computer database access charged in Count Two, the Government must prove beyond a reasonable doubt the following three elements:

First, the Government must prove that the defendant accessed a computer, but exceeded his authority in accessing the information in question;

Second, the Government must prove that the defendant acted intentionally; and

Third, the Government must prove that the defendant obtained information from any department or agency of the United States.

26

Now let us separately consider the three

elements.

See Sand, Modern Federal Jury
Instructions, Instr. 40A-10.

## REQUEST NO. 15

### Count Two
### Accessing A Federal Government Computer Database
### Without Authorization

### First Element - Unauthorized Access of a Computer

The first element the Government must prove beyond a reasonable doubt is that the defendant accessed a computer, and exceeded his authorization in accessing the information in question.

A "computer," as defined by the statute (18 U.S.C. § 1030(e)(1))means "an electronic, magnetic, opitcal, electromechanical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

In this case, the Government charges that the defendant, while authorized to access the computer, exceeded his authority in accessing the information in question. This requires the Government to prove beyond a reasonable doubt that the defendant had access to the computer, and used that access to obtain information in the computer that the defendant was not entitled to obtain.

See Sand, Modern Federal
Jury Instructions, Instr.
40A-11.

28

## REQUEST NO. 16

### Count Two
### Accessing A Federal Government Computer Database Without Authorization

### Second Element - Intentional Conduct

The second element the Government must prove beyond a reasonable doubt is that the defendant acted intentionally in accessing the computer outside the scope of authority.

"Intentionally" means to act deliberately and purposefully.  That is, the defendant's acts must have been the product of defendant's conscious objective, rather than the product of mistake or accident.

The question of whether a person acted intentionally is a question of fact for you to determine, like any other fact question.  That question involves one's state of mind.  Direct proof of intent is almost never available.  It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past, he committed an act intentionally.  Such proof is not required.  The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

29

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against the defendant, the Government must establish beyond a reasonable doubt that he knew that his accessing of a computer was outside the scope of authority granted, but did so anyway.

To conclude on this element, if you find that the defendant did not know he was acting outside the scope of his authority, or if he did not intentionally access the computer, then you should acquit the defendant of Count Two.

However, if you find that the Government has established beyond a reasonable doubt not only the first element, namely the accessing of a computer in a manner that exceeded his authority , but also this second element, that the defendant acted intentionally, and the government also establishes the remaining element beyond a reasonable doubt, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

See Sand, <u>Modern Federal Jury</u> <u>Instructions</u>, Instr. 40A-12 (citing

30

<u>United States v. Townstead</u>, 987 F.2d 927, 930 (2d Cir. 1993); and the Honorable Edward Weinfeld's instructions in the wire fraud cases of <u>United States v. Ranney</u>, 82 Cr. 771 (S.D.N.Y. 1983) and <u>United States v. Della Rocca</u>, 72 Cr. 217 (S.D.N.Y. 1972).

## REQUEST NO. 17

**Count Two**
**Accessing A Federal Government Computer Database**
**Without Authorization**

## Third Element – Obtaining Federal Information

The third element the Government must prove beyond a reasonable doubt is that the defendant obtained information in a computer of any department or agency of the United States.

I instruct you that the Federal Bureau of Investigation maintains and operates the National Crime Information Center Database.  I instruct you further that the Federal Bureau of Investigation is an agency of the United States.  However, it is for you to determine whether the Government has proved, beyond a reasonable doubt, that in a manner that exceeded his authority, the defendant obtained information contained in a computer of the Federal Bureau of Investigation.

See Sand, Modern Federal Jury Instructions, Instr. 40A-28;

32

## REQUEST NO. 18

### Count One
### Kidnapping Conspiracy

### Liability For Acts And Declarations Of Co-Conspirators

When considering the kidnapping conspiracy charged in Count One of the Indictment, I instruct you that when people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people that you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir. 1982)(specifically mandating that juries not be invited to reconsider admissibility of co-conspirator hearsay)

33

## REQUEST NO. 19

### Venue

In addition to the elements I have described to you, as to each of the Counts, the Government must prove that some act in furtherance of the Count you are considering occurred in the Southern District of New York.  You are instructed that the Southern District of New York includes, among other locations, the Bronx and Manhattan and counties north of Manhattan, including Westchester County.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the Count that you are considering occurred in the Southern District of New York.  If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the Count you are considering because he has a right to be tried only in a district were the venue is proper.

> Adapted from charge of the Honorable
> Lewis A. Kaplan in <u>United States</u> v.
> <u>Jeffrey Otis Redden</u>, 02 Cr. 1141
> (S.D.N.Y. July 27, 2004).

34

## REQUEST NO. 20

## **Particular Investigative Techniques Not Required**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant you are considering has been proven beyond a reasonable doubt.

Adapted from the charges of the Honorable
John F. Keenan, United States v. Paa Smith,
02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002).

**REQUEST NO. 21**

**Stipulations**

**[If Applicable]**

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect or weight to be given that testimony.

You also heard evidence in the form of stipulations that contain facts which were agreed to be true.  In such cases, you must accept those facts as true, and you may not question those facts.

> Adapted from the charges of the Honorable
> John F. Keenan, United States v. Paa Smith,
> 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002).

**REQUEST NO. 22**

**Use Of Evidence Obtained Pursuant To Search**

**[If Applicable]**

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven each defendant's guilt beyond a reasonable doubt.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992); and United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

37

## REQUEST NO. 23

### Persons Not On Trial Or Not Indicted

Some of the people who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

<div style="margin-left:2em">

Adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980). Adapted from Judge Pollack's charge in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y. 1971), and from Sand, et al., Modern Jury Instructions, Instr. 3-4.

</div>

38

Adapted from the charge of Judge
Leisure in <u>United States</u> v. <u>Parra and
Ortega</u>, S1 02 Cr. 348 (PKL) (S.D.N.Y.
2004).

**REQUEST NO. 24**

**Improper Considerations:**
**Race, Religion, National Origin, Sex Or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex, or age of any other witness or anyone else involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charges of the Honorable
> Richard M. Berman in United States v. Kamara,
> S1 01 Cr. 979 (RMB) (S.D.N.Y. Jan. 8, 2003);
> and of the Honorable Denny Chin in United
> States v. Olajide, 01 Cr. 365 (DC).

40

**REQUEST NO. 25**

**Defendant's Testimony**

**[If Applicable]**

As you saw, the defendant took the witness stand and testified.  I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case.  You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> United States v. Gaines, 457 F.3d 238, 240 (2d Cir. 2006) ("[W]e find error in the instruction that the defendant's interest in the outcome of the case created a motive to testify falsely, and we prohibit the use of such instructions in future trials.  We also express our disapproval of instructions that highlight a testifying defendant's deep personal interest in the outcome of a trial.  We recommend that a witness's interest in the outcome of the case be addressed in the court's general charge concerning witness credibility; if the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses.")

<u>**REQUEST NO. 26**</u>

<u>**Defendant's Right Not To Testify**</u>

**[If the defendant does not testify]**

You know, of course, that the defendant did not
testify in this case.  Under our Constitution, a defendant has
no obligation to testify or to present any evidence, because it
is the Government's burden to prove the defendant guilty beyond
a reasonable doubt.  That burden remains with the Government
throughout the entire trial and never shifts to a defendant.  A
defendant is never required to prove a thing.

You may not attach any significance to the fact that
the defendant did not testify.  No adverse inference against him
may be drawn by you because he did not take the witness stand.
You may not consider this against the defendant in any way in
your deliberations in the jury room.

> Adapted from charge of the Honorable Lewis
> A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis</u>
> <u>Redden</u>, 02 Cr. 1141 (S.D.N.Y. July 27,
> 2004).

42

**REQUEST NO. 27**

**Statements Of The Defendant**
**[If Applicable]**

There has been evidence that VALLE made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated and that the government's use of this evidence is entirely lawful.

> Adapted from Sand, et al., Modern Federal
> Jury Instructions, Instr. 5-19, and from the
> charge of the Honorable Michael B. Mukasey
> in United States v. Abdul Latif Abdul Salam,
> 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context
> of government's use of tape recordings).

43

**REQUEST NO. 28**

**Uncalled Witnesses: Equally Available To Both Sides**

**[If applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify.  The defendant's attorney has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

44

### REQUEST NO. 29

### Variance In Dates

As you are considering the charges in the Indictment, let me instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date and the testimony or other evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-13, and from the charges of Judge Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972), of Judge Metzner in United States v. Koss, aff'd. 506 F.2d 1103 (2d Cir. 1974); and of Judge Owen in United States v. Lofland, 75 Cr. 769 (S.D.N.Y. 1975).
>
> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991), and from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd, 990 F.2d 622 (2d Cir. 1993).
>
> See United States v. Heimann, 705 F.2d 662, 666 (2d Cir. 1983) ("[b]ecause proof at trial need not, indeed cannot, be a precise replica of the charges contained in the Indictment, this court has consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial.").

45

## REQUEST NO. 30

## Preparation Of Witnesses

## [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and the charge of the Honorable John G. Koeltl in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999).

## REQUEST NO. 31

### Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 7-16.

47

**REQUEST NO. 32**

**Expert Testimony**

**[If Applicable]**

You have heard testimony from what we call an expert witness.  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt

48

[his/her] conclusions, you would be justified in placing

reliance on [his/her] testimony.

> Adapted from the charge of the Honorable
> Pierre N. Leval in <u>United States</u> v.
> <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992);
> and from the charge of the Honorable Michael
> B. Mukasey in <u>United States</u> v. <u>Mensah</u>, 91 Cr.
> 705 (MBM) (S.D.N.Y. 1991).

**REQUEST NO. 33**

**Character Testimony**

**[If Applicable]**

You have heard testimony that the defendant has a good reputation for honesty in the community where he lives and works and for truthfulness.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  United States v. Pujana-Mena, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  Id. at 30 (citations omitted).

## REQUEST NO. 34

## Conclusion

Before you begin to deliberate, I want to remind you that you must be guided solely by the evidence in the case. The question you must ask yourselves as you consider and analyze the evidence is this: where do I find the truth? The only triumph in any case is whether or not the truth has come out and been found. If it has, then justice will have been done; if it has not, justice will not have been done.

You are to determine the guilt or lack of guilt of each defendant based solely upon the evidence and subject to the law as I have instructed you on that law.

Your job is to decide whether the evidence established the guilt of each defendant on each of the crimes charged in the Indictment beyond a reasonable doubt.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to

51

a fair trial.  You are to make a fair and impartial decision so
that you come to a just verdict.

        Adapted from charge of the Honorable John F. Keenan in
        <u>United</u> <u>States</u> v. <u>Paa Smith</u>, 02 Cr. 104 (JFK) (S.D.N.Y.
        July 31, 2002).

In submitting these requests to charge, the Government reserves its right to request additional or modified requests at or near the close of evidence.

Dated:     New York, New York
           January 14, 2013

                           Respectfully submitted,

                           PREET BHARARA
                           United States Attorney
                           Southern District of New York


              By:   /s/Hadassa Waxman
                    Hadassa Waxman
                    Randall W.Jackson
                    Assistant United States Attorneys
                    (212) 637-2277/1029

<u>CERTIFICATE OF SERVICE</u>

I, Hadassa Waxman, Assistant United States Attorney, hereby certify that on January 14, 2013, I caused a copy of the foregoing Government's Requests to Charge to be sent by electronic mail to:

Julia Gatto, Esq.
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007
<u>Julia.gatto@fd.org</u>

/s/ Hadassa Waxman

Hadassa Waxman
Assistant United States Attorney
(212) 637-2277