UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

UNITED STATES OF AMERICA,

              -against-

                                      12 CR 847 (PGG)

GILBERTO VALLE

                  Defendant.

------------------------------------------------------------ X

## DEFENDANT GILBERTO VALLE'S PROPOSAL FOR
## <u>THE EXAMINATION OF PROSPECTIVE JURORS</u>

                                      Federal Defenders of New York
                                      Attorneys for Defendant
                                      **GILBERTO VALLE**
                                        52 Duane Street - 10th Floor
                                        New York, New York  10007
                                        Tel.: (212) 417-8750

                                        **Julia L. Gatto**
                                        **Christopher A. Flood**

                                        <u>Of Counsel</u>

TO:    PREET BHARARA, ESQ.
          United States Attorney
          Southern District Of New York
          One St. Andrew's Plaza
          New York, New York  10007
          **Attn:  Hadassa Waxman, Esq.**
                  Assistant United States Attorney

# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

*Appeals Bureau*
Barry D. Leiwant
*Attorney-in-Charge*

January 14, 2013

**Via Facsimile and ECF**
The Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Gilberto Valle**, 12 CR 847

Dear Judge Gardephe:

The defendant writes to respectfully submit proposed procedures and *voir dire* questions for the jury selection process in the above-referenced matter. Because of the media attention the case has garnered, the sensationalized nature of the charges, and the anticipated admissions by defense counsel that Mr. Valle harbors deviant sexual fantasies, we ask that the Court employ a two-step *voir dire* process to ensure a fair and impartial selection process. First, we ask that all prospective jurors complete a written questionnaire (attached hereto as Exhibit A). Then, following for-cause challenges based on the questionnaire responses, we ask that the Court permit limited attorney-conducted oral *voir dire* questioning.

Mr. Valle is charged with participating in internet communications in which he discussed, in great detail, his personal fantasies of kidnapping, torturing, murdering, and cannibalizing women. Objective and open-minded judges faced with these charges have described the conduct as "profoundly disturbing," "[as] close to the most depraved conduct and the most dangerous conduct one could imagine," "unspeakable," "scary," and "depraved, bizarre, [and] aberrational." (10/25/12 Tr. before the Honorable Henry Pitman, pp. 16, 17; 11/8/12 Tr. before the Honorable Lewis A. Kaplan, p. 15; and 11/20/12 Tr. before Your Honor, p. 59). Judge Pitman said "I have never seen allegations similar to this in 16 years on the bench or in 5 years as a prosecutor." 10/25/12 Tr., p. 16.

If these distinguished and experienced jurists have reacted this strongly to the allegations, it is to be expected that our jury panel will too. Indeed, one need look no further than the local newspapers and their readers' comments and postings online for a preview of the viscerally negative reactions the allegations incite. The jury panel needs to be especially vetted to ensure that the individuals selected to serve can maintain both

The Honorable Paul G. Gardephe
January 14, 2013
Page 2 of 3

an open mind and the presumption of innocence despite the graphic conversations with which they will be confronted at trial.

The significant media attention given to the case - derisively anointed the "cannibal cop" case in the tabloids - means that a very large number of potential jurors already have been tainted by what they have read in the papers or heard on the streets. It is hard to open the Post or the News without reading a news story about Mr. Valle. The quickness with which the case has moved from arrest to trial means that few days have passed without a "cannibal cop" story running in the tabloids or online newspapers. Our potential jury pool may be saturated with media coverage. Again, careful vetting is necessary.

Further complicating a fair jury selection process, at trial Mr. Valle will acknowledge that he has unusual, sexual fantasies which involve imagined acts of violence against women – a fetish that will be difficult for most jurors to comprehend. Merely having the Court caution the jury to keep an open mind and generally inquiring of the pool's ability to do that will be woefully insufficient to root out the prejudice that will arise when jurors are confronted with Mr. Valle's unusual turn-ons.

As the government repeatedly has proffered, Mr. Valle faces a life sentence if convicted of the crimes charged.

Against this unusual backdrop, we respectfully submit that the typical court-led _voir dire_ is inadequate to secure Mr. Valle's Sixth Amendment right to an impartial jury. Given the provocative nature of the evidence and the stakes for Mr. Valle, it seems prudent to adopt all measures necessary to ensure that an impartial jury is selected.

The Second Circuit repeatedly has approved the use of written juror questionnaires in cases where, as here, there has been extensive pretrial publicity and/or the trial will raise sensitive issues which likely could arouse strong negative reactions from a large group of potential jurors. See, e.g., United States v. Stewart, 433 F.2d 273, 303 (2d Cir. 2006); United States v. Rahman, 189 F.3d 88, 121 (2d Cir. 1999). In connection with attorney-conducted oral _voir dire_, the Federal Rules explicitly contemplate it. "The court may examine prospective jurors or may permit the attorneys for the parties to do so." Fed. R. Crim. P. 24 (a)(1). In light of the detailed questionnaire, defense estimates that it will need no longer than 10 – 15 minutes of _voir dire_. Courts in this circuit have permitted limited lawyer-led _voir dire_. See, e.g., United States v. Barnes, No. S9 04-186, 2008 WL 239408, * 3 (S.D.N.Y. Jan. 25, 2008); United States v. Taveras, No. 04-CR-156, 2006 WL 1875339, * 9 (E.D.N.Y. July 5, 2006).

The Honorable Paul G. Gardephe
January 14, 2013
Page 3 of 3

If the Court rejects the proposed two-step process, we ask that the written jury questionnaire be followed by Court-conducted individual *voir dire* questioning, including follow-up questions requested by the parties based on the potential juror's answers to the written questionnaire. Alternatively if the Court does not employ a written questionnaire, we ask that the Court inquire of the jury pool regarding each of the questions provided in the proposed questionnaire attached hereto as Exhibit A.

Respectfully submitted,

Julia L. Gatto
Christopher A. Flood
Assistant Federal Defender
(212) 417-8750/8734

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

UNITED STATES OF AMERICA,

              -against-

                                           12 CR 847 (PGG)

GILBERTO VALLE

                       Defendant.
------------------------------------------------------------ X

## DEFENDANT GILBERTO VALLE'S PROPOSED
## <u>EXAMINATION OF PROSPECTIVE JURORS</u>

Federal Defenders of New York
Attorneys for Defendant
**GILBERTO VALLE**
52 Duane Street - 10th Floor
New York, New York  10007
Tel.: (212) 417-8750

**Julia L. Gatto**
**Christopher A. Flood**

<u>Of Counsel</u>

TO:   PREET BHARARA, ESQ.
       United States Attorney
       Southern District Of New York
       One St. Andrew's Plaza
       New York, New York  10007
       **Attn:  Hadassa Waxman, Esq.**
            Assistant United States Attorney

## UNITED STATES V. GILBERTO VALLE
### 12 CR 847 (PGG)

### JURY QUESTIONNAIRE

Juror Name: _____

Juror No.: _____

### Introduction

Jury service is a unique privilege that we enjoy as citizens. The jury selection process is intended to make sure that we impanel a jury of citizens who will decide the issues in this case fairly and impartially. The jury selection process is called "voir dire," which is an old French term that means "to speak the truth."

Please complete the following questionnaire to assist the Court and counsel in selecting a jury to serve in the case of United States v. Gilberto Valle, 12 CR 847 (PGG). The purpose of these questions is not to ask unnecessarily about personal matters. It is simply to determine whether a prospective juror can decide the case fairly and impartially. This questionnaire will not be made public and will only be shared with the counsel, parties, and the Court.

Please print or write your answers in blue or black ink. Where indicated, please check the space for "Yes" or "No" and, as requested, furnish answers, explanations or details in the space provided. Please do not leave any question unanswered. If you do not understand any question or do not know the answer, please write "I do not understand" or "I do not know" in the space provided for the answer. If there is not enough space for margin next to the question. Do not write on the back of any page. If you believe that any question does not apply to you, please write N/A in the space provided. Please write your name on this page and each page thereafter.

Please do not discuss the questionnaire or your answers with anyone. It is very important that the answers be yours and yours alone. Remember that there are no "right" or "wrong" answers; only truthful answers. You are **sworn** to give true and complete answers to all questions.

When you return to court, the judge may ask specific questions about some information in your questionnaire. If there are things you do not want to talk about in open court, please circle the question number and list them at the end of the questionnaire in the space provided for this purpose. Arrangements will be made to address those matters outside the presence of other prospective jurors.

JUROR NAME _____

JUROR NO._____

**PART I.        QUESTIONS ABOUT YOUR BACKGROUND**

1. . Do you have any difficult reading or understanding English?

2. What other languages, if any, do you read or understand?

3. Do you suffer from any medical condition that would make it difficult or uncomfortable to sit for long periods of time without breaks?

4. · Do you have any physical problem (for example, with sight or hearing) that would interfere with your ability to serve as a juror?

5. Are you regularly taking any medication that could affect your ability to serve?

6. Are you a smoker?  Do you require a cigarette more often than every two hours?

7. What is your age?

8. What is your educational background?  How far did you go in school?  Did you have any particular field of study?  Any professional licenses or advanced degrees?

9. What is your county of residence?

10. How long have you lived in that county?

11. What town or neighborhood do you live in?

12. With whom do you live?

13. Where were you born?

14. Where were you raised?

15. Where were your parents born?

16. Please describe your marital status?

17. Do you have children?  If so, what age?  What are their occupations, if any?

JUROR NAME _____

JUROR NO._____

18. What do you regard as your race/ethnicity and that of your spouse/domestic partner (if applicable)?

19. Do you own your home or rent?

20. What type of work do you do?  For how long have you done that?  If retired or unemployed, how long have you been unemployed or retired and what type of work had you been doing previously?

21. If married, what type of work does your spouse/domestic partner do?

22. Have you or any member of your family or close friends worked or applied for a position in the U.S. Attorney's Office, District Attorney's Office, the New York Police Department or any other law enforcement?

23. Have you, a family member, or close friend every attended law school or been a lawyer?

24. Have you ever taken any courses in, worked in, or had significant personal contact with the fields of law, criminal justice, criminology, addiction, drug abuse counseling, psychology, or other related areas?  If yes, please list the course(s) and/or describe the experience(s).

25. Were you ever in the military service (including the reserves, National Guard, or ROTC)?

26. In the past ten years, what civic, religious, or community groups, social clubs, organization, or volunteer efforts have you and your spouse/domestic partner belong(ed) to or supported?

27. What genre of movies do you like?

28. Do you watch horror movies?  If so, what horror movies have you seen in the last 5 years?

29. Do you have a strong negative reaction to the imagery in horror movies?

30. List any television programs that you watch and how frequently?

31. List radio news or talk programs to which you listen and how frequently?

JUROR NAME _____

JUROR NO. _____

32. List any newspapers, magazines, websites, or web blogs that you subscribe to or read. Indicate how frequently (e.g., daily, often, occasionally, rarely).

33. List any hobbies, special interests or specialized training that you have.

34. Do you have an interest in art or photography?

35. Please name some of your favorite authors?

36. Do you have strong feelings, either positive or negative, about tattoos or piercings?

37. Have you, or has anyone close to you, ever been the victim of a sex crime? If so, do you believe this will affect, in any way, your ability to deliberate fairly on the charges in this case?

38. Have you, or has anyone close to you, ever been the victim of stalking or harassment? If so, do you believe this will affect, in any way, your ability to deliberate fairly on the charges in this case?

39. Have you, a family member or a close friend ever been a party to a lawsuit? a witness in a court proceeding? under subpoena or otherwise expect to be subpoenaed in any criminal case? been involved in or been the target of a criminal investigation? been arrested or charged with a crime? If yes, is there anything about that experience which would affect your ability to be a fair and impartial juror in this case?

40. Have you ever been a juror in a civil case, a grand juror, or a juror in a criminal case? If so, indicate which one and (without writing the verdict reached) whether or not you reached a verdict? If so, is there anything about your prior jury service that would affect your ability to be a fair and impartial juror in this case?

41. This case is being prosecuted by the United States Attorney's Office for the Southern District of New York. The United States Attorney for this District is Preet Bharara. Do you or does any relative or friend know or have any connection to Mr. Bharara?

42. Do you or does any close friend or family member know or have any connection to any of the following prosecutors or law enforcement agents, or their relative or friends? Hadassa Waxman, Randall Jackson, and **[names of agents to be provided by the**

JUROR NAME _____

JUROR NO._____

**government]**.  Have you seen, heard or read anything about any of these prosecutors or law enforcement agents?

43. Do you or does any close friend or family member know or have any connection to any of the following defense lawyers and their office staff, or their relative or friends?  Julia Gatto, Christopher Flood, Edward Zas, John J. Hughes, Anna Finkel, and Alexandra Katz.  Have you seen, heard or read anything about any of these individuals?

44. Do you or does any close friend or family member know or have any connection to the defendant Gilberto Valle, or his relatives or friends?

45. The following persons may be mentioned in the trial.  Please circle any names you recognize. **[List to be Provided by Government and Defendant]**

## PART III. QUESTIONS CONCERNING IMPORTANT LEGAL PRINCIPLES

46. Gilberto Valle is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence in this case, decides that his guilty has been proven beyond a reasonable doubt.  The burden of proving guilt rests entirely with the government.  The defendant has no burden at all.  Will you accept and apply this rule of law?

47. Under the law, if the defense chooses to put on a case it does not alter the government's burden of proof in any way.  The burden to prove this case beyond a reasonable doubt never shifts to the defendant.  The defendant does not assume a burden or taken on a burden to prove his lack of guilt by choosing to put on a case.  Will you accept and apply this rule of law?

48. Under the law, Mr. Valle need not testify.  If Mr. Valle does not testify, the jury is not permitted to consider that fact in any way in reaching a decision as to whether he is guilty or not guilty.  Will you accept and apply this rule of law?

49. Witnesses for the government will include law enforcement officers.  A law enforcement witness's testimony is not to be given any more or less credence than any other witness's testimony simply because that witness is a law enforcement officer.  Will you accept and apply this rule of law?

JUROR NAME _____

JUROR NO._____

50. Under the law, you must find the defendant not guilty unless the evidence presented proves his guilt beyond a reasonable doubt. Will you accept and apply this rule of law?

51. Under the law, the facts are for the jury to determine and the law is for the judge to determine. You are required to accept the law as the judge explains it to you even if you do not like the law as the judge explains it or you disagree with it, and you must determine the facts according to those instructions. Will you accept and apply this rule of law?

52. Under the law, sympathy, bias, and prejudice must not enter into the deliberation of the jurors as to whether the guilt of a defendant has been proven beyond a reasonable doubt. Would you have any difficulty following this rule?

53. Is there anything about the nature of the charges or the facts of the case as they have been explained to you thus far that would affect your ability to be a fair and impartial juror in this case?

54. Is there any other matter which you should call to the Court's attention which may have any bearing on your qualifications as a juror?


**PART IV.    QUESTIONS ABOUT EXPERIENCE WITH COMPUTERS AND EXPOSURE TO PORNOGRAPHIC MATERIALS**

55. Please describe your familiarity with computers, and your level of computer usage, both at home and at work?

56. How many hours a day do you spend on the internet?

57. For what purposes do you use the internet most frequently?

58. Do you use the internet for email?

59. Do you engage in online chatting, instant messaging, or any other form of real time communication over the computer?

60. Have you ever visited a chat room?

61. Have you ever visited a sexually explicit website?

JUROR NAME _____

JUROR NO. _____

62. Do you know what a search engine is and, if so, do you use one?

63. Have you ever used a file sharing program, such as limewire, bittorrent?

64. Do you play video games? If so, what games do you enjoy playing?

65. Have you heard of the game "Second Life"?

66. Do you know what an avatar is?

67. Are you a member of Facebook?

68. If so, what functions do you use on Facebook, i.e., do you write status updates, comment on others' status updates, engage in private messaging, post pictures?

69. Have you used the internet to view pornographic images?

70. Have you used other mediums to view porn?

71. Have you heard of or visited any of the following websites: darkfetishnet.com, dolcettgirls.com, yumchat.com, mukiskitchen.com, girlsinabind.com, fetlife.com, sleepysoles.com, sexyamazons.com, adultfriendfinder.com, ruemorgue.com, nicheclips.com, bloodytales.com, sleepygirls.com, clipsforsale.com, marshmanmedia.com, kinkycash.com, pkfstudios.com.

## PART V.    VIEWS ON CERTAIN ASPECTS OF THE CASE

72. You will hear that Mr. Valle used the internet to view pornographic images. Pornography is legal and it is legal to both view and create pornography.  Do you have any biases, either negatively or positively, about legal pornography that would prevent you from judging fairly an individual who actively views and creates pornography?

73. You will hear evidence that Mr. Valle viewed pornographic images while married without his wife's knowledge or consent.  Is there anything about this fact that will affect your ability to judge him fairly?

74. You may see images or hear of scenarios involving homoerotic themes.  Do you hold strong views regarding homosexuality?  Will this affect your ability to be a fair juror here?

75. You will hear testimony about websites devoted to the exploration of deviant sexual fantasies. These websites include extreme depictions and discussions of highly sexualized violent conduct. The imagery and discussions on these websites are graphic and may elicit strong reactions from some of you. You will hear that, on these websites, people view and post pictures and videos, and discuss fantasies involving a wide range of sexual, sexually violent, and deviant conduct including necrophilia (the practice of having sex with dead bodies), sexual asphyxiation, debreasting, genital mutilation, rape fantasies, castration, bondage, cannibalism, and various forms of sadomasochistic behavior. You will likely see images from these websites like the types of images which are attached at the end of this questionnaire. While the imagery and discussions may be disturbing to some of you, it is imperative that such reactions do not interfere with your ability to be a fair and impartial juror.

   a. Is there anything about the nature of the imagery you will see and hear about during this trial that makes you unable to sit as a juror? Will any negative reaction you have to the websites or images prevent you from fairly considering all of the evidence in this case?

   b. You also will hear testimony that Mr. Valle enjoyed visiting these websites, viewed their materials, and contributed to some of their content. Knowing that, do you still feel that you can apply the concepts of "burden of proof," the "presumption of innocence," and "reasonable doubt?"

   c. Do you believe that all people who visit and enjoy these websites wish to perform similar acts of sexual violence in the "real world?"

   d. Do you think you will have a bias or prejudice against individuals who enjoy and/or view these websites?

76. You will be instructed that having criminal thoughts, alone, is not a crime. Will you be able to follow the rule of law that it is not a crime to have bad thoughts, no matter how bad they are?

77. You will hear testimony about BDSM, Bondage, Discipline/Domination, Submission/Sadism, Masochism. BDSM includes the practice or thoughts of practices which, if performed in neutral or nonsexual contexts, could be considered unpleasant, undesirable, and downright abusive. Some examples of BDSM conduct include torture, binding, suffocation, burning, gagging, restraint, whipping, and flogging. However, people who consent to BDSM or otherwise voluntarily associate themselves with the

JUROR NAME _____

JUROR NO. _____

practices, are sexually aroused by the conduct or the thought of such conduct. Will you have a bias or prejudice against an individual who participates or associates themselves with BDSM? Would your view of such persons prevent you from presuming them to be innocent? Would it prevent you from applying the concepts of the "burden of proof" and "reasonable doubt" as I have explained them to you? Could you still decide the case solely on the evidence despite whatever distaste you may have for BDSM activities?

78. Before today, have you heard of BDSM?

79. Have you seen, read, or heard about movies, interviews, news programs, documentaries, television shows, article, books, etc. dealing with or discussing BDSM? If so, what sources have you seen, read or heard discussing BDSM?

80. Do you know of anyone who participates in consensual BDSM?

81. Do you know any individual who participates in alternative lifestyles? If so, explain the type of lifestyle, the person's relationship with you, and whether your relationship with the individuals has been affected by his/her participation in the lifestyle?

## PART VI.   VIEWS OF LAW ENFORCMENT

82. You will learn that before his arrest, Mr. Valle was employed as a police officer with the New York Police Department. Do you believe that there is anything about Mr. Valle's prior employment that will make you unable to sit fairly as a juror?

83. Will you evaluate the evidence as you would have if Mr. Valle were not former law enforcement?

84. Do you have strong feelings, either positive or negative, about federal law enforcement, including the FBI?

85. Do you have strong feelings, either positive or negative, about local law enforcement, including the N.Y.P.D.?

86. Have you, or has anyone close to you, been stopped or questioned in any matter by the New York City Police Department, any state, local, or federal law enforcement agency? If yes, do you believe that you or your family member or friend were treated fairly in connection with such matter?

JUROR NAME _____

JUROR NO._____

87. Have you ever filed a complaint with the police against anyone?

## PART VII.    QUESTIONS CONCERNING THE MEDIA

88. Have you read any articles or online journals, seen any news programs, or heard radio programming related to this case.  If yes, what source and what did the media say about the case?

89. Have you read any articles or online journals, seen any news programs, or heard radio programming related to the case of a New Jersey man named Michael Van Hise.  If yes, what source and what did the media say about the case?

90. Would what you read or saw about the cases affect your ability to be a fair and impartial juror in this case?

91. Have you talked about or overheard discussions about the cases among friends, family, or co-workers or anyone else?  If yes, what did your friends, family, co-workers, or other say about the case?  Would what you heard about this case affect your ability to be a fair and impartial juror in the case?

Dated: New York, New York
      January 14, 2013

Respectfully submitted,

Federal Defenders of New York

By:     _____

JULIA L. GATTO, ESQ.
CHRISTOPHER A. FLOOD, ESQ.
Attorneys for Defendant
**Gilberto Valle**
52 Duane Street - 10th Floor
New York NY 10007
Tel.: (212) 417-8750/8734

# APPENDIX