UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
UNITED STATES OF AMERICA           :
                                                             :
                                                             :
          - v. -                                         :   No. 12-cr-847 (PGG)
                                                             :
GILBERTO VALLE,                             :
                                                             :
                    Defendant.                   :
------------------------------------------------------X


# DEFENDANT GILBERTO VALLE'S MEMORANDUM OF LAW
# IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE*
# TO PRECLUDE THE TESTIMONY OF DEFENSE EXPERT JAMES HERRIOT


DAVID PATTON
Federal Defenders of New York, Inc.
Attorney for Defendant
GILBERTO VALLE
52 Duane Street - 10th Floor
New York, New York 10007

JULIA GATTO
CHRISTOPHER FLOOD
EDWARD S. ZAS
JOHN J. HUGHES, III
*Of Counsel*

## **TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT** ....................................................................................................1

**ARGUMENT**..................................................................................................................................3

    I.      The notice and written summary of Dr. Herriot's testimony is more than adequate to satisfy the requirements of Fed. R. Crim. P. 16(b)(1)(C). .............................................3

    II.     Dr. Herriot's testimony is admissible. ............................................................................6

          A.     The anticipated testimony will be relevant and helpful. ....................................6

          B.     The probative value of Dr. Herriot's testimony is not substantially outweighed by a danger of needlessly presenting cumulative evidence ..............................9

**CONCLUSION** ............................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abbott Point of Care, Inc. v. Epocal, Inc.*,
   868 F. Supp. 2d 1310 (N.D. Ala. 2012) ................................................................................10

*Arista Records LLC v. Lime Group LLC*,
   No. 06 CV5936KMW, 2011 WL 1674796 (S.D.N.Y. May 2, 2011) ........................................6

*Banks v. United States*,
   93 Fed. Cl. 41 (Fed. Cl. 2010) ................................................................................................10

*Bracci v. Becker*,
   No. 1:11-CV-1473-MAD/RFT, 2013 WL 123810 (N.D.N.Y. Jan. 9, 2013) ............................8

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Products Liab. Litig.*,
   No. 3:09-MD-02100-DRH, 2011 WL 6740363 (S.D. Ill. Dec. 22, 2011) ..............................10

*Jimenez v. Walker*,
   458 F.3d 130 (2d Cir. 2006) .....................................................................................................8

*Old Chief v. United States*,
   519 U.S. 172 (1997) ..................................................................................................................8

*Sammons v. Polk County Sch. Bd.*,
   No. 8:04-CV-2657-T-24EAJ, 2006 WL 5112592 (M.D. Fla. Jan. 10, 2006) .........................10

*Short v. Sirmons*,
   472 F.3d 1177 (10th Cir. 2006) ................................................................................................5

*United States v. Bell*,
   524 F.2d 202 (2d Cir. 1975) .................................................................................................7, 8

*United States v. Bentley*,
   875 F.2d 1114 (5th Cir. 1989) ..................................................................................................1

*United States v. Case*,
   654 F. Supp. 2d 747 (E.D. Tenn. 2009) ...................................................................................5

*United States v. Cerna*,
   No. 08-cr-0730, 2010 WL 2347406 (N.D. Cal. June 8, 2010) .................................................4

*United States v. Chavez*,
   549 F.3d 119 (2d Cir. 2008) .....................................................................................................5

*United States v. Day*,
   524 F.3d 1361 (D.C. Cir. 2008) .................................................................................5

*United States v. Jamil*,
   707 F.2d 638 (2d Cir. 1983) .............................................................................10, 11

*United States v. Johnson*,
   No. 5:09-cr-00089-VAP, 2011 WL 2261125 (C.D. Cal. June 7, 2011) ...................4

*United States v. Joseph*,
   542 F.3d 13 (2d Cir. 2008) ........................................................................2, 7, 8, 9

*United States v. King*,
   703 F. Supp. 2d 1063 (D. Haw. 2010) .....................................................................4

*United States v. McCloud*,
   303 F. App'x 916 (2d Cir. 2008) ..............................................................................4

*United States v. Mehta*,
   236 F. Supp. 2d 150 (D. Mass. 2002) ......................................................................3

*United States v. Mulder*,
   273 F.3d 91 (2d Cir. 2001) .......................................................................................9

*United States v. Rubin/Chambers, Dunhill Ins. Servs.*,
   828 F. Supp. 2d 698 (S.D.N.Y. 2011) ...................................................................11

*United States v. Yoon*,
   128 F.3d 515 (7th Cir. 1997) ...................................................................................5

**RULES**

Fed. R. Crim. P. 12.2(b) ........................................................................................................3

Fed. R. Crim. P. 16 .................................................................................................1, 3, 4, 5

Fed. R. Crim. P. 16(b)(1)(C) ........................................................................................3, 4, 11

Fed. R. Evid. 704(b) ..............................................................................................................9

**OTHER AUTHORITIES**

Nancy S. Marder, *Juries and Technology: Equipping Jurors for the Twenty-First Century*, 66 Brook. L. Rev. 1257 (2001) ................................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
                                    :
                                    :
            - v. -                  :   No. 12-cr-847 (PGG)
                                    :
GILBERTO VALLE,                     :
                                    :
                        Defendant.  :
                                    :
------------------------------------------------------X

## PRELIMINARY STATEMENT

Defendant Gilberto Valle respectfully submits this memorandum of law in opposition to the government's motion *in limine* to preclude the expert testimony of Dr. James Herriot.

In an attempt to keep useful and relevant testimony from the jury, the government throws up a hodgepodge of mostly technical arguments—claiming that purported discovery violations justify the complete exclusion of Dr. Herriot's testimony, or alternatively, that his testimony is not even relevant. None of the government's arguments for exclusion withstand scrutiny.

The summary of Dr. Herriot's testimony that the defense has provided is more than adequate to satisfy Rule 16's minimal requirements. In arguing to the contrary, the government ignores its own established practice in this District, which is to send Rule 16 disclosures of as little as a page or two for each expert in many cases. Even if the government could show that the Rule 16 disclosure was insufficient in this case, the appropriate remedy would be to order limited additional disclosure, not to implement "the most extreme sanction" of total preclusion. *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989).

-2-

The government's argument that Dr. Herriot's testimony would not be helpful or relevant is contrary to the Second Circuit's persuasive and directly on-point analysis in *United States v. Joseph*, 542 F.3d 13 (2d Cir. 2008), in which the Court ruled that this very witness was qualified as an expert and that his opinions appeared "to be highly likely to assist the jury." *Id.* at 22. The government relies heavily on Judge Walker's dissenting opinion in *Joseph*—but this Court is bound by the analysis adopted by the majority, not the dissent.

Finally, the government claims that Dr. Herriot's testimony would be "cumulative" of testimony to be offered by Dr. Dietz. This argument is disingenuous, since the government has moved to exclude *both* experts. In any event, the two experts will offer distinct testimony based on distinct areas of expertise and distinct lines of evidence. Dr. Dietz, a forensic psychiatrist, has examined Mr. Valle and will offer his medical expertise on sexual sadism and Mr. Valle's mental condition. By contrast, Dr. Herriot, a sociologist and computer scientist who specializes in sexual communications online, will offer more general testimony focused on community norms on the Internet, particularly among users who engage in role play in Internet entertainment media. Under these circumstances, any risk of overlap is minimal. Moreover, it would be improper to exclude evidence on the basis that it is needlessly "cumulative" before *any* evidence has been put before the jury.

For these reasons, all of the government's arguments seeking exclusion are meritless. The government's motion should be denied.

# ARGUMENT

I. **THE NOTICE AND WRITTEN SUMMARY OF DR. HERRIOT'S TESTIMONY IS MORE THAN ADEQUATE TO SATISFY THE REQUIREMENTS OF FED. R. CRIM. P. 16(B)(1)(C).**

The defense has provided notice and an adequate "written summary" of Dr. Herriot's expected testimony, as required by Rule 16(b)(1)(C). In arguing otherwise, the government merely rehashes arguments it made with respect to Dr. Dietz—arguments that are no more persuasive here.

For example, the government appears to have cut and pasted an argument from its motion to exclude Dr. Dietz to its new motion attacking Dr. Herriot—asserting that the notice of Dr. Herriot's testimony is insufficient under "Rules 12.2 and 16." Gov't Mot. 3. But Dr. Herriot has not examined Mr. Valle and is not providing any testimony concerning "a mental disease or defect, or any other mental condition of" Mr. Valle. Fed. R. Crim. P. 12.2(b). Rather, Dr. Herriot will provide important background information and context for the jury about role play on the Internet, based on his extensive experience studying sexual communications in cyberspace. Thus, while Rule 12.2(b) was at issue with respect to Dr. Dietz, it is not applicable to Dr. Herriot's testimony, and the government's reliance on that rule is misplaced.

The government's Rule 16 arguments are largely duplicative of the arguments the government made with respect to Dr. Dietz and which the defense has already addressed. *See* Def. Gilberto Valle's Memo. of Law in Opp. to the Govt.'s Mot. *In Limine* to Preclude the Testimony of Def. Expert Witness Park Dietz, ECF No. 49 (filed Jan. 14, 2013) (incorporated by reference herein) ("Dietz Opp. Br."). As explained previously, expert disclosure in a criminal case is significantly narrower than the disclosure required under the civil rules. *See* Dietz Opp. Br. 3-4; *United States v. Mehta*, 236 F. Supp. 2d 150, 155 (D. Mass. 2002). The government frequently provides a "written summary" of expert testimony that is just a page or two in length,

-3-

and such short disclosures have been upheld in the Second Circuit and elsewhere as adequate. *See* Dietz Opp. Br. 4 & n.4; *United States v. McCloud*, 303 F. App'x 916, 917 (2d Cir. 2008) (summary order) (five-page document sufficiently "identified four expert witnesses . . . and summarized their testimony"); *United States v. Johnson*, No. 5:09-cr-00089-VAP, 2011 WL 2261125 (C.D. Cal. June 7, 2011) (defense expert's two-page summary "[wa]s sufficiently detailed" to comply with Rule 16(b)(1)(C)); *United States v. King*, 703 F. Supp. 2d 1063, 1077 (D. Haw. 2010) (summary of less than one page adequately summarized anticipated testimony on the pimp-prostitute relationship).[1]

Given the minimal requirements of Rule 16, the extensive summary of Dr. Herriot's testimony provided by the defense is more than sufficient. The government claims that the Rule 16 summary offered "no explanation of the nature of th[e] 'distinct culture'" about which Dr. Herriot will testify. Gov't Mot. 4. But the letter clearly explains that Dr. Herriot will focus on an "internet subculture" in which users "adopt the personas of a fantasy character in their online communications with others." (Herriot Summary at 2.) The government's assertion that there is "no explanation" of the culture at issue simply ignores the relevant portions of the Rule 16 summary. "Rule 16[] does not require recitation of the chapter and verse of the experts' opinions, bases and reasons." *United States v. Cerna*, No. 08-cr-0730, 2010 WL 2347406, at *2 (N.D. Cal. June 8, 2010).

The government also argues that the summary does not provide sufficient elaboration on "what aspects of internet public profiles suggest fantasy role play," and "how

---

[1] These summaries are available on PACER. *See* Dietz Opp. Br. 4 n.4; Govt.'s Suppl. Expert Disclosure, *United States v. McCloud*, No. 6:04-cr-06179-CJS-MWP, ECF No. 42 (W.D.N.Y. Aug. 3, 2006); Letter from Def. Counsel & Report of Analysis, *United States v. Hashimoto*, No. 5:09-cr-00089-VAP, ECF Nos. 172-1 & 172-2 (C.D. Cal. filed May 2, 2011); Letter from U.S. Dep't of Justice Trial Att'y to Ass't Fed. Defender, *United States v. King*, No. 1:09-cr-00207-DAE, ECF No. 113-4 (D. Haw. filed Mar. 1, 2010).

'tempo' [of an Internet chat] is measured." Gov't Mot. 4 n.3. The likely testimony on these points is obvious. E-mail and "chat" messages exchanged over the Internet carry timestamps; "tempo" can therefore be measured in minutes and seconds, or other units of time. And the darkfetishnet.com website at which the coconspirators allegedly met states on the home page, "THIS PLACE IS ABOUT FANTASIES ONLY." Mr. Valle's individual online profile contained a similarly unambiguous disclaimer, explicitly warning that he was a "professional kidnapper" in fantasy only. These factors, and others, are consistent with Internet role playing and fantasy.

To the extent that the government still has questions about Dr. Herriot's opinions, it can ask those questions at trial, retain an expert of its own, or both. The defense is not required to provide Dr. Herriot's entire direct examination and anticipated answers. *United States v. Yoon*, 128 F.3d 515, 527 (7th Cir. 1997). The summary of Dr. Herriot's testimony the defense has provided is sufficient to give the government "a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Day*, 524 F.3d 1361, 1372 (D.C. Cir. 2008) (internal quotation marks omitted) (quoting Fed. R. Crim. P. 16 advisory committee's note (1993 amendments)).[2] Nothing more is required.[3]

---

[2]   As noted previously, *Day* does not support precluding any defense experts in this case. *See* Dietz Opp. Br. 6 n.5.

[3]   Even if the Court did perceive any shortcomings in the Rule 16 summary, the only appropriate remedy would be to order limited, additional disclosure—not to exclude any experts. "The trial court has broad discretion to fashion a remedy" for Rule 16 violations, *United States v. Chavez*, 549 F.3d 119, 129 (2d Cir. 2008), and "many courts have adopted the position of favoring imposition of the least severe remedy available to cure prejudice." *United States v. Case*, 654 F. Supp. 2d 747, 756 (E.D. Tenn. 2009). "Where the discovery violation is not willful, blatant or calculated gamesmanship, alternative sanctions [other than exclusion] are adequate and appropriate." *Short v. Sirmons*, 472 F.3d 1177, 1188 (10th Cir. 2006) (internal quotation marks omitted) (quoting *Rojem v. State*, 2006 OK CR 7, 130 P.3d 287, 297).

## II.     DR. HERRIOT'S TESTIMONY IS ADMISSIBLE.

### A.     The anticipated testimony will be relevant and helpful.

The government argues that Dr. Herriot's testimony will not be "helpful" to the jury because the jury "will inevitably have . . . familiarity with the internet generally and with social networking" and because "the existence and nature of websites where individuals engage in role-playing will not be a genuine issue at trial." Gov't Mot. 7; *id.* at 6.

But the government cites nothing, not even a law review article, suggesting that the jury is likely to be familiar with fantasy websites or "fetish" websites and the role playing activities that take place on those sites. *Cf.* Nancy S. Marder, *Juries and Technology: Equipping Jurors for the Twenty-First Century*, 66 Brook. L. Rev. 1257, 1291 (2001) (recognizing that "[t]he use of computers and the Internet has not reached all demographic groups at the same pace"). And the government's motion itself illustrates that there are disputed issues on which Dr. Herriot's testimony will be useful. The government asserts that facebook.com and darkfetishnet.com "appear to share relatively few similarities." Gov't Mot. 6. But Dr. Herriot will show that, among other shared characteristics, both sites have similar "chat" and messaging capabilities, and both sites help users find other individuals with common interests. These apparently disputed issues are proper subjects for expert testimony. Notwithstanding the government's unsupported assertion that jurors are familiar with how the Internet and social networking sites work, courts have continued to allow expert testimony concerning Internet behavior that may be common, but that some jurors may find unfamiliar—even in recent cases. *See, e.g., Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936(KMW), 2011 WL 1674796 (S.D.N.Y. May 2, 2011) (permitting the portions of an expert's testimony relating to the "availability of free music via the internet, and the ways in which consumers access and use it").

Indeed, so important is testimony of this nature, that (as the government acknowledges) the Second Circuit has previously concluded that a district court likely erred by excluding Dr. Herriot's testimony. *Joseph*, 542 F.3d at 21-22; Gov't Mot. 7. In *Joseph*, the defense was (like Mr. Valle's) that the defendant was only engaged in fantasy role playing and believed that the person he was accused of enticing to engage in sexual activity was an adult. *Id.* at 16. After considering oral argument and briefing on the point, the Second Circuit ruled that "Dr. Herriot's field of study and experience qualified him to offer relevant testimony," and that his opinions "appear to be highly likely to assist the jury 'to understand the evidence.'" *Id.* at 21, 22 (quoting Fed. R. Evid. 702).

> Although some jurors may have familiarity with Internet messaging, it is unlikely that the average juror is familiar with the role-playing activity that Dr. Herriot was prepared to explain in the specific context of sexually oriented conversation in cyberspace. Many prospective jurors at Joseph's trial acknowledged that they had never visited a chat-room, and professed no understanding of what occurs there. Obviously a jury would not have to accept Joseph's claim that he planned only to meet "Julie" to learn who she was and that he lacked any intention to engage in sexual conduct with her, but the frequent occurrence of such "de-mask[ing]" of chat-room participants might provide support for his defense.

*Id.* at 22; *see also* Dietz Opp. Br. 8-9 (additional discussion of the *Joseph* decision).[4]

The government attempts to dismiss the Second Circuit's extended discussion of Dr. Herriot's expertise as "dicta." Gov't Mot. 7. But this ignores the important distinction between "obiter dictum" and "judicial dictum." *United States v. Bell*, 524 F.2d 202, 206 (2d Cir. 1975). Whereas obiter dictum is "an aside or an unnecessary extension of comments," judicial dictum (also known as considered dictum) is intended to provide guidance for lower courts. *Id.*

---

[4] The *Joseph* Court also rejected the argument that the expert testimony was unnecessary because the role-playing explanation for the defendant's conduct was adequately explained by the defendant's own testimony. "[W]hen the Government implores a jury to find the defendant and his explanation not credible, we think the presentation of that explanation from a qualified expert would be significant, especially where the explanation is not one with which jurors are likely to have familiarity." 542 F.3d at 22 n.10.

The Second Circuit's discussion of Dr. Herriot's expertise was intended to provide guidance for the district judge during the retrial in *Joseph*, and it therefore is a considered or judicial dictum. "While such dictum is not binding upon us, it must be given considerable weight and can not be ignored . . . ." *Id.* (footnote call number omitted). And contrary to the government's suggestion that "dicta" can simply be disregarded or given limited consideration, the Second Circuit has noted that "[d]icta deserve close consideration; emphatic dicta, all the more." *Jimenez v. Walker*, 458 F.3d 130, 142 (2d Cir. 2006).

In a final attempt to avoid the upshot of the majority opinion in *Joseph*, the government relies heavily on Judge Walker's dissent. But "the lower courts are bound by the majority decision, not by the opinions expressed in dissenting opinions." *Bracci v. Becker*, No. 1:11-CV-1473-MAD/RFT, 2013 WL 123810, at *4 n.3 (N.D.N.Y. Jan. 9, 2013).

The government's concession that "the existence and nature of websites where individuals engage in role-playing will not be a genuine issue at trial," Gov't Mot. 6, in no way undercuts the importance of Dr. Herriot's testimony. Dr. Herriot will not merely state that role playing exists on the Internet, but also will describe how role playing takes place, and will help the jury understand what role playing chats look like (including the "cues" that will help the jury to distinguish fantasy role play from non-fantasy discussions). Even if the government offered to stipulate to all of these issues, the defense would still have a right to present live testimony to make these points more vivid and easier for the jury to understand. Just as "the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away," the defense is entitled to present exculpatory evidence through live testimony, rather than through stipulations read into the record. *Old Chief v. United States*, 519 U.S. 172, 189 (1997). It is entirely appropriate "to offer expert testimony . . . as background" that will "enable [the jury] to

understand how [relevant communities] function[]" and what social norms may exist in a community with which the jury is unfamiliar. *United States v. Mulder*, 273 F.3d 91, 102 (2d Cir. 2001) (affirming the use of expert testimony on the operation of labor coalitions).

Because Dr. Herriot's testimony is in the nature of such "background" evidence, the government's concerns about whether Dr. Herriot has "reliably applied the principles and methods to the facts of the case," Gov't Mot. 6 (internal quotation marks omitted) (quoting Fed. R. Evid. 702(d)), are misplaced in this context. The Second Circuit has already recognized that Dr. Herriot "has conducted a large number of interviews and studied chat-room conversations to understand sexual behavior on the Internet." *Joseph*, 542 F.3d at 21. "Social science 'research, theories and opinions cannot have the exactness of hard science methodologies,' and . . . '[p]eer review, publication, potential error rate, etc. . . . are not applicable to this kind of testimony. . . .'" *Id.* (quoting *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1297 (8th Cir. 1997); *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)). Thus, to the extent that the government wishes to challenge Dr. Herriot's training and experience, "the place to [do so] . . . is 'on cross-examination.'" *Joseph*, 542 F.3d at 21 (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995)). Any such challenge "goes to [Dr. Herriot's] 'testimony's weight . . . not its admissibility.'" *Id.* at 21-22 (quoting *McCullock*).[5]

### B. The probative value of Dr. Herriot's testimony is not substantially outweighed by a danger of needlessly presenting cumulative evidence

In a last-ditch effort to keep Dr. Herriot from the jury, the government argues that his testimony "should be excluded as cumulative" of Dr. Dietz's. Gov't Mot. 8. Dr. Dietz is a

---

[5] The government does not challenge Dr. Herriot's testimony under Rule 704(b), and there is of course no basis for such a challenge here. Dr. Herriot will be testifying about the Internet and fantasy role play. He has not examined Mr. Valle, and he will not opine on whether Mr. Valle did or did not act with criminal intent.

-9-

forensic psychiatrist, and Dr. Herriot is a sociologist. The fact that each of these experts "has expertise in different areas and their testimony will be based upon their respective areas of expertise" is alone sufficient to defeat the government's argument that their testimony is needlessly cumulative, as numerous courts have recognized. *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Products Liab. Litig.*, No. 3:09-MD-02100-DRH, 2011 WL 6740363 (S.D. Ill. Dec. 22, 2011); *see also Abbott Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310, 1332 (N.D. Ala. 2012) ("Due to the nuances in the two experts' respective backgrounds . . . both should be allowed to testify at trial."); *Sammons v. Polk County Sch. Bd.*, No. 8:04-CV-2657-T-24EAJ, 2006 WL 5112592, at *1 (M.D. Fla. Jan. 10, 2006) ("[T]he experts' testimony is not cumulative, since . . . the experts' backgrounds are different.").

Moreover, Dr. Herriot's testimony will not simply "replicate[]" Dr. Dietz's testimony, and the testimony of these two witnesses is therefore complementary, not cumulative. *United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983). Dr. Dietz is being offered to testify principally about his diagnosis of Mr. Valle's mental disorder, to explain the history of that disorder, and to explain the various ways people with paraphilias and sexually sadistic fantasies cope with their condition. In contrast, Dr. Herriot has neither met nor examined Mr. Valle and will not offer testimony concerning his specific mental condition. Instead, Dr. Herriot will talk about the Internet and the nature of role playing activities that take place on fantasy websites such as darkfetishnet.com.

Even if the government identified some risk of unnecessary duplication between these experts, moreover, a pre-trial motion *in limine* is not a proper vehicle for addressing the possibility of cumulative testimony. "The mere presence of overlap . . . does not render an expert report unnecessarily 'cumulative.'" *Banks v. United States*, 93 Fed. Cl. 41, 51 (Fed. Cl. 2010).

Determining whether to exclude testimony as cumulative requires balancing the probative value of the testimony against the risk of needlessly cumulative evidence. This "required balancing of relevance . . . against cumulativeness and delay cannot be performed properly in the abstract prior to trial." *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 828 F. Supp. 2d 698, 715 (S.D.N.Y. 2011). In this case, the defense has issued Rule 16(b)(1)(C) notices to protect its right to call these witnesses, but the defense is not thereby obligated to call either witness at trial. Depending on the nature of the government's evidence, the defense may choose to call just one of these witnesses, or neither, or it may question the expert on a narrower set of issues than those identified in the initial disclosure. Thus, the risk of cumulative testimony should be addressed only on a question-by-question basis at trial. "At this stage of the litigation, when the trial has not yet commenced and no evidence has yet been put before a jury, it is premature to conclude that this evidence is cumulative." *Jamil*, 707 F.2d at 643.

   In summary, contrary to the government's arguments, Dr. Herriot's expected testimony is helpful, admissible, not needlessly cumulative, and crucial to the defense. The jury should not be deprived of it.

## CONCLUSION

For these reasons, the Court should deny the government's motion to preclude Dr. Herriot's testimony.

Dated: New York, New York
January 22, 2013

                                                  Respectfully submitted,

                                                  DAVID PATTON
                                                  Federal Defenders of New York

By:   /s/ Julia Gatto
        Julia Gatto
        Attorney for Defendant
        GILBERTO VALLE
        52 Duane Street - 10th Floor
        New York, New York 10007

JULIA GATTO
CHRISTOPHER FLOOD
EDWARD S. ZAS
JOHN J. HUGHES, III
*Of Counsel*