# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor-New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/13

David E. Patton
*Executive Director
and Attorney-in-Chief*

Barry D. Leiwant
*Attorney-in-Charge*
Appeals Bureau

February 10, 2013

Docket + File

**Via Email**
The Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: United States v. Gilberto Valle, 12 CR 847

Dear Judge Gardephe:

  We write in opposition to the New York Post's request, dated February 8, 2013, for disclosure of the completed jury questionnaires and the prospective jurors' names and juror numbers. Recognizing that many prospective jurors specifically asked the Court to keep their responses confidential, the Post proposes that, for those jurors, the Court disclose their questionnaires in redacted form without their names. The Court should deny the disclosure requested, especially while we are still selecting a jury for Mr. Valle's upcoming trial and before a verdict.

  While the public and press have a First Amendment right to access to judicial proceedings, the right is not absolute. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). The presumption of openness may be overcome by "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest" *Press–Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 9 (1986).

  Mr. Valle's Sixth Amendment right to a fair trial is implicated by the disclosure requested. In order to empanel a fair, open-minded, and impartial jury, prospective jurors must be completely candid about the sensitive topics asked of them in the questionnaire and general topics asked of them during oral *voir dire*. We are still in the midst of this process. The Court is about to conduct oral *voir dire* of the already-convened prospective jurors and may have to convene additional jurors to complete the questionnaire before we ultimately select a jury. The jurors who already have filled out the questionnaire will be discouraged from answering the Court's next set of questions when they learn that their prior answers were disclosed to the press (despite a third of them specifically requesting confidentiality). And, prospective, yet-convened jurors who read in the paper that prior jurors' answers were disclosed to the press will be discouraged from candidly filling out the questionnaire because they will fear that their information will be released, as well. Also, it is impossible to predict whether the jury selected will reach a verdict. If there

The Honorable Paul G. Gardephe
February 10, 2013
Page 2 of 2

were a mistrial, the Court might have to convene another panel whose candor will be equally as important as this panel's and equally likely to be chilled by public disclosure. *See United States v. King*, 140 F.3d 76 (2d Cir. 1998)(affirming Judge McKenna's sealing of completed jury questionnaires in order to encourage juror candor in the high profile and polarizing criminal case against Don King); *In re South Carolina Press Ass'n*, 946 F.2d 1037, 1043 (4th Cir. 1991)("fear of publicity that might be given to answers of venirepersons during *voir dire* may so inhibit or chill truthful responses that [the] accused is denied the fair trial to which he is entitled."); *see also United States v. Brown*, 250 F.3d 907, 921 (5th Cir. 2001) (affirming the portion of a district court's order that kept juror information and questionnaires confidential, even post-verdict); *United States v. Potter*, 394 F. Supp. 2d 475, 479 (D.R.I. 2005) (concluding that unsealing document with juror statements "would result in a substantial likelihood that defendants' Sixth Amendment right to a fair trial would be jeopardized").

As recognized by the Second Circuit in King, the press' suggestion here of redacting the names of certain jurors does not overcome the problem identified. Prospective jurors who learn that the Court released information from the questionnaires likely will not focus or even understand that the information was released in redacted form. All they will know is that information was released. Their candor on the same questionnaire accordingly will be chilled. *King*, 140 F.3d at 83.

Release of the prospective jurors' names also jeopardizes a fair verdict. The tabloids, particularly the New York Post, have wrongly and baselessly vilified Mr. Valle anointing him the "cannibal cop" and running sensationalized stories implying that Mr. Valle intended to do the horrific acts about which he only fantasized. Jurors will be less likely to acquit Mr. Valle if their names are released to the media for fear of reprisals of being the one who freed the "cannibal cop."

## Conclusion

Based on all of the foregoing, we ask that, until jury selection is complete and a verdict is returned, the Court deny the Post's request for disclosure of the completed questionnaires and the juror names and numbers.

Respectfully submitted,

Julia L. Gatto
Assistant Federal Defender
(212) 417-8750

cc: Hadassa Waxman/Randall Jackson (via email)