UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA         :

        - v -                                    :         12 Cr. 847 (PGG)

**GILBERTO VALLE,**                        :

                Defendant.      :

------------------------------------------------------X

## DEFENDANT GILBERTO VALLE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF DR. LOUIS SCHLESINGER

                                             DAVID PATTON
                                             Federal Defenders of New York, Inc.
                                             Attorney for Defendant
                                             GILBERTO VALLE
                                             52 Duane Street - 10th Floor
                                             New York, New York 10007

JULIA GATTO
ROBERT M. BAUM
EDWARD S. ZAS
JOHN J. HUGHES, III
*Of Counsel*

   TO:    PREET BHARARA, ESQ.
            United States Attorney
            Southern District of New York
            One St. Andrew's Plaza
            New York, New York 10007
            Attn:  **HADASSA WAXMAN, ESQ.**
                     Assistant United States Attorney

# TABLE OF CONTENTS

| | Page |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| Argument | 4 |
| The Court should preclude Dr. Schlesinger's rebuttal testimony because the government has still not complied with its disclosure obligations under Fed. R. Crim. P. 16(a)(1)(G). | 4 |
|     A. Rule 16(a)(1)(G) required the government to provide a written summary of Dr. Schlesinger's expected rebuttal testimony. | 4 |
|     B. The appropriate remedy at this late date is preclusion. | 7 |
| Conclusion | 9 |

# TABLE OF AUTHORITIES

**Cases**

Collazos v. United States, 368 F.3d 190 (2d Cir. 2004) .................................. 5

Ratzlaf v. United States, 510 U.S. 135 (1994) ............................................... 5

Tablie v. Gonzales, 471 F.3d 60 (2d Cir. 2006) ............................................. 5

United States v. Beilharz, 378 F. App'x 363 (4th Cir. 2010) ........................ 5

United States v. Bradley, 644 F.3d 1213 (11th Cir. 2011) ............................ 5

United States v. Holmes, 670 F.3d 586 (4th Cir. 2012) ................................ 7

United States v. Logan, Nos. 97-5912, 97-5914, 187 F.3d 639,
    1999 WL 551353 (6th Cir. July 19, 1999) ........................................... 3, 4

United States v. Matthews, 20 F.3d 538 (2d Cir. 1994) ................................ 4

United States v. Pirro, 76 F. Supp. 2d 478 (S.D.N.Y. 1999) ........................ 7

United States v. Tin Yat Chin, 476 F.3d 144 (2d Cir. 2007) ..................... 5, 6

United States v. Vega, 188 F.3d 1150 (9th Cir. 1999) .................................. 5

United States v. Wilson, 493 F. Supp. 2d 348 (E.D.N.Y. 2006) ................... 7

**Statutes and Rules**

18 U.S.C. § 17(b) ........................................................................................... 6

Fed. R. Crim. P. 12.2(b) ................................................................................. 1

Fed. R. Crim. P. 16 ......................................................................................... 6

Fed. R. Crim. P. 16(a)(1)(G) ................................................................. 1, 2, 4

Fed. R. Crim. P. 16(b)(1)(C)(ii) .................................................................. 1, 2

Fed. R. Crim. P. 16(d)(2) ............................................................................... 7

Fed. R. Evid. 404(b) ....................................................................................... 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA,          :

           - v -          :          12 Cr. 847 (PGG)

GILBERTO VALLE,          :

           Defendant.          :

------------------------------------------------------X

### DEFENDANT GILBERTO VALLE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF DR. LOUIS SCHLESINGER

#### Preliminary Statement

On January 7, 2013, the defense provided notice to the government and to the Court, pursuant to Fed. R. Crim. P. 12.2(b), that the defense expects to introduce expert evidence from Dr. Park Dietz relating to Mr. Valle's mental condition. *See* Declaration of Julia L. Gatto in Support of Motion *In Limine*, executed Feb. 19, 2013 ("Gatto Decl."), ¶ 2. The defense also gave the government, at its request, a detailed written summary of Dr. Dietz's expected testimony, pursuant to Fed. R. Crim. P. 16(b)(1)(C)(ii). *Id.* On January 14, 2013, the defense provided an even more detailed supplemental summary of Dr. Dietz's expected testimony. *Id.* ¶ 3. The government has acknowledged that the defense summaries have provided adequate notice of Dr. Dietz's testimony.

In contrast, the government has failed to meet its reciprocal expert disclosure obligations under Rule 16. On January 4, 2013, the defense requested the government to provide a written summary of any expert testimony the government intended to use "at trial," including expert

1

summary of any expert testimony the government intended to use "at trial," including expert testimony "on the issue of the defendant's mental condition." *Id.* ¶ 4. The government responded that it may call Louis Schlesinger, Ph.D., a forensic psychologist, as a rebuttal witness in response to Dr. Dietz. But the government never provided the defense with a summary of Dr. Schlesinger's expected rebuttal testimony. *Id.* ¶ 5. Instead, the government stated that it "has not sought a specific opinion from Dr. Schlesinger and is unaware of what testimony might be required in any rebuttal case." *Id.*

On February 10, 2013, the defense again sought from the government a written summary of Dr. Schlesinger's expected testimony. The government did not respond to the request. *Id.* ¶ 6.

Accordingly, the defense now moves to preclude Dr. Schlesinger's testimony. Though Rule 16(a)(1)(G) generally requires the government to provide a written summary of expert testimony it intends to use only "during its case-in-chief," the Rule contains a separate provision for expert testimony on the subject of a defendant's mental condition, and specifically requires the government to provide a summary of expert testimony for mental condition evidence to be used in the case-in-chief or in rebuttal. The Rule states in pertinent part that, "If the government requests discovery under [Fed. R. Crim. P. 16] subdivision (b)(1)(C)(ii) [the provision that requires the defendant to give notice of an intent to present expert testimony on the defendant's mental condition,] and the defendant complies," as the defense did here, "the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use *at trial* under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence *at trial* on the issue of the defendant's mental condition." Fed. R. Crim. P. 16(a)(1)(G) (emphasis added). The Rule thus requires the government to summarize any expert

2

mental condition evidence the government intends to use "at trial"—not merely "during its case-in-chief at trial," which is the standard for expert evidence that does not involve the defendant's mental condition. Accordingly, the government was required to provide the defense with a timely written summary of Dr. Schlesinger's rebuttal testimony. *See United States v. Logan*, Nos. 97-5912, 97-5914, 187 F.3d 639, 1999 WL 551353, at *7 n.8 (6th Cir. July 19, 1999) (unpublished opinion) (noting that the 1997 amendments to Rule 16, which took effect on January 5, 1998, "requir[e] disclosure of expert witnesses the government intends to call in rebuttal").

    The government has failed to provide any summary of the rebuttal testimony, despite repeated requests. And this failure has prejudiced the defense. Expert psychiatric testimony on a defendant's mental condition is a uniquely complex subject that requires substantial pre-trial preparation to confront. With opening statements to commence in less than a week, on February 25, 2013, it is too late now for the government to provide the overdue summary of its rebuttal expert. Even if the government were to provide the written summary tomorrow, the defense would not have adequate time to evaluate the summary at this late date and to prepare sufficiently for cross-examination. For that reason, the Court should issue an order precluding Dr. Schlesinger from testifying.

## Argument

### The Court should preclude Dr. Schlesinger's rebuttal testimony because the government has still not complied with its disclosure obligations under Fed. R. Crim. P. 16(a)(1)(G).

**A. Rule 16(a)(1)(G) required the government to provide a written summary of Dr. Schlesinger's expected rebuttal testimony.**

Rule 16(a)(1)(G) provides:

> **Expert witnesses.** --At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. *If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition.* The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G) (emphasis added).

The highlighted language was added to Rule 16 in 1997 and took effect in 1998. That language makes clear that, in the special case of expert testimony regarding a defendant's mental condition, the government must provide a written summary of the testimony it intends to use as evidence "at trial," not simply during the government's "case-in-chief." *See Logan, supra*, 1999 WL 551353, at *7 n.8.

The phrase "at trial" appears elsewhere in the Federal Rules, such as in Fed. R. Evid. 404(b). *See* Fed. R. Evid. 404(b) (requiring the prosecutor, on request, to "provide reasonable notice of the general nature of any ['other act'] evidence that the prosecutor intends to offer *at trial*") (emphasis added). The phrase "at trial" has been interpreted consistently to include the government's rebuttal case. *See, e.g., United States v. Matthews*, 20 F.3d 538, 551 (2d Cir. 1994)

4

(noting that the "at trial" language of the notice provision of Rule 404(b) "applies whether the government wishes to use the other-act evidence in its direct case, on rebuttal, or as impeachment"); *accord, United States v. Bradley*, 644 F.3d 1213, 1273 (11th Cir. 2011); *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999). The phrase "at trial" should be construed to have the same meaning in Rule 16(a)(1)(G). *See Ratzlaf v. United States*, 510 U.S. 135, 143 (1994) (stating the basic canon of statutory construction that the same term should be given the same meaning in different parts of a statute).

Indeed, any contrary construction would render the second sentence of Rule 16(a)(1)(G) nugatory. The first sentence of that subsection gives the defendant a right to request a written summary of all expert testimony that the government "intends to use . . . during its case-in-chief at trial." The second sentence requires disclosure of expert testimony that the government "intends to use . . . as evidence at trial on the issue of the defendant's mental condition." If the second sentence were construed as limited to mental condition testimony offered *in the government's case-in-chief*, that sentence would be meaningless. The first sentence already grants defendants a right to summaries of *all* expert testimony the government plans to use in its case-in-chief, whether the testimony relates to the defendant's mental condition or not. "That is fatal [to the government's reading of the rule]. 'We are . . . obliged 'to give effect, if possible, to every clause and word of a statute,' and to render none superfluous." *Tablie v. Gonzales*, 471 F.3d 60, 64 (2d Cir. 2006) (quoting *Collazos v. United States*, 368 F.3d 190, 199 (2d Cir. 2004)).[1]

---

[1] Some cases have held that Rule 16(a)(1)(G) does not require the government to provide a written summary of anticipated rebuttal testimony by an expert. *See, e.g., United States v. Tin Yat Chin*, 476 F.3d 144, 146 (2d Cir. 2007); *United States v. Beilharz*, 378 F. App'x 363, 365

5

This reading of Rule 16(a)(1)(G) is supported not only by the Rule's plain language; it also makes sense. The second sentence of Rule 16(a)(1)(G) only applies when the defendant has given notice of its intent to present mental condition evidence. In many cases, expert testimony concerning a defendant's mental condition will be introduced to support an insanity defense, an affirmative defense that the defendant "has the burden of proving." 18 U.S.C. § 17(b). The government can choose to wait until its rebuttal case to present evidence on this issue—even though it likely knows what evidence it intends to introduce. The drafters recognized that it is appropriate to require the government to disclose its evidence on an issue, such as mental condition, on which the testimony to be introduced is likely to be known before trial. The Rule also reflects the fact that expert testimony on a defendant's mental condition is generally so complex that the testimony, whether introduced during the government's case-in-chief or on rebuttal, should be summarized well in advance of trial so that the defendant may adequately prepare for cross-examination. The defense should not be forced to cross-examine the government's rebuttal expert on the fly.

The government may argue that a summary of rebuttal expert testimony is not possible until the defendant's expert testifies. This is untrue. The government has had detailed summaries of Dr. Dietz's expected testimony since mid-January 2013. Based on those summaries, the government was perfectly able to prepare a written summary of Dr. Schlesinger's anticipated rebuttal testimony well in advance of trial. But it has declined to do so.

---

(4th Cir. 2010). These cases are inapposite, however, because they did not involve expert testimony on the issue of the defendant's mental condition. *See Tin Yat Chin*, 476 F.3d at 146 (handwriting expert); *Beliharz*, 378 F. App'x at 365 (lab reports). Moreover, because the relevant language was added to the rule as part of the 1997 amendments, cases decided prior to 1998 are irrelevant. *See* Fed. R. Crim. P. 16, advisory committee's note, 1997 amendment.

6

In summary, despite repeated requests from the defense, the government failed to meet its expert disclosure obligations under Rule 16(a)(1)(G).

### B. The appropriate remedy at this late date is preclusion.

Because the government has violated its Rule 16 obligations, the Court should preclude Dr. Schlesinger's rebuttal testimony. *See* Fed. R. Crim. P. 16(d)(2) (authorizing preclusion as an appropriate remedy). The defense has attempted repeatedly over the past weeks to obtain a written summary of the rebuttal testimony without the Court's intervention, but the government has balked.

Under these circumstances, with the jury already selected, and opening statements imminent, preclusion is the only appropriate remedy. Even if the government were ordered to provide a written summary of Dr. Schlesinger's qualifications and testimony immediately, the defense simply would not have sufficient time to analyze the summary at this late date and prepare adequately for cross-examination. *See, e.g., United States v. Holmes*, 670 F.3d 586, 597-600 (4th Cir. 2012) (upholding exclusion of expert witness whose identity was not disclosed until the Friday before a Monday trial and whose Rule 16 summary was inadequate).

Courts "in this district typically interpret the 'timely fashion' in which [Rule 16] expert disclosure should be made to be anywhere from fifteen to thirty days before trial." *United States v. Wilson*, 493 F. Supp. 2d 348, 356 (E.D.N.Y. 2006) (citing *United States v. Lino*, No. 00 CR. 632, 2001 WL 8356, at *21 (S.D.N.Y. Dec. 29, 2001) ("Given the scope of the indictment and the number of issues likely to be raised prior to the commencement of trial, this Court directs that the Government provide expert witness disclosure to defendants thirty days before trial."); *United States v. Pirro*, 76 F. Supp. 2d 478, 488 (S.D.N.Y. 1999) (government must provide

expert disclosure pursuant to Rule 16 no less than fifteen days prior to trial); *United States v. Costen*, No. 95 Cr. 517, 1996 WL 137483, at *2 (S.D.N.Y. Mar. 27, 1996) (expert summaries to be provided in compliance with Rule 16 no later than 15 days before trial); *United States v. DeYian*, No. 94 Cr. 719, 1995 WL 368445, at *3 (S.D.N.Y. June 21, 1995) (summaries to be provided no later than two weeks prior to trial)). Here, as noted, the government has *still* not provided a Rule 16 summary of Dr. Schlesinger's testimony, even though opening statements are just a few days away.

The prejudice to the defense has been compounded by other discovery abuses by the government. As the Court is aware, the government recently sprang a new cell site date (May 5, 2012) on the defense, forcing us on the eve of trial to devote substantial time and resources to investigating the whereabouts and actions of Mr. Valle and others on that date. The government also failed, despite substantial briefing, to establish the reliability of historical cell site data as a method of pinpointing Mr. Valle's location. That failure has forced the Court to order, and the defense now to prepare for, a last-minute *Daubert* hearing. The defense, in short, has been forced to spend the final precious days of trial preparation dealing with unexpected and time-consuming problems caused by the government's conduct. The defense should not also be saddled, at this eleventh hour, with the additional burden of having to analyze a summary of complex rebuttal testimony that should have been provided long ago.

Finally, there is no excuse for the government's conduct. The government has itself argued in this case that expert psychological testimony is not a "one-dimensional" subject that can be confronted without detailed advance notice. *See* Gov't Reply to Defendant's Mem. in Opp. to Motions *In Limine* to Preclude Testimony of Defense Experts Park Dietz and James

8

Herriot, filed Jan. 23, 2013, at 2 (ECF No. 57) (arguing that "simple, one-dimensional opinions" for which brief expert summaries may suffice are "completely incomparable to ... complex sociological and psychological testimony"). Indeed, the government has argued that substantial written summaries were required of the defense experts, which the defense promptly provided. Yet the government has failed to show the defense the same courtesy, despite the plain language of Rule 16(a)(1)(G), or to seek a ruling from the Court that no written summary of its rebuttal expert was necessary. Instead, the government simply sat on its hands. Given that deliberate laxity, preclusion is the appropriate sanction.

## Conclusion

For these reasons, the Court should enter an order precluding Dr. Schlesinger from testifying.

Dated: New York, New York
February 19, 2013

             Respectfully submitted,

             DAVID PATTON
             Federal Defenders of New York

By: /s/ Julia Gatto
    Julia Gatto
    Attorney for Defendant
    GILBERTO VALLE
    52 Duane Street - 10th Floor
    New York, New York 10007

JULIA GATTO
ROBERT M. BAUM
EDWARD S. ZAS
JOHN J. HUGHES, III
*Of Counsel*

9