USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 3/2/13

# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Southern District
Jennifer L. Brown
Attorney-in-Charge

David E. Patton
*Executive Director*

**MEMO ENDORSED**

*The Court's ruling as to Exhibits A and B does not require any editing of the videotape, because the Government has not objected to the testimony elicited concerning these exhibits. (See Feb. 26, 2013 Gov't Ltr.) As to defense counsel's argument that the Government waived its right to object to Exhibits A and B at trial, that argument has no merit. The parties "stipulated and agreed that all objections, except as to the form of the question, [would] be reserved to the time of the trial."*

March 2, 2013

**Via Email**

The Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**SO ORDERED:**

*/s/ Paul G. Gardephe*

Paul G. Gardephe, U.S.D.J.

Dated: March 2, 2013

Re: United States v. Gilberto Valle, 12 CR 847 (PGG)

Dear Judge Gardephe:

We write to seek clarification and note our objections regarding the Court's ruling, of today, to the exhibits used at the deposition of Mr. Merenkov. The defense anticipates playing Mr. Merenkov's deposition at the start of its case. In its ruling today, the Court precluded the admission at trial of Exhibits A and B which were admitted, without objection, during Mr. Merenkov's deposition. In connection with Exhibit A (the current homepage of darkfetishnet.com), the Court ruled "Exhibit A shows the DFN home page as it is now, not at the relevant time period." In connection with Exhibit B (the current terms of service of darkfetishnet.com), the Court ruled "defendant failed to establish that the terms of service were the same in 2012."

First, the defense seeks clarification regarding how the preclusion of the exhibits impacts, if at all, the editing of the videotape. If the Court's ruling means that the exhibits cannot be shown to the jury but that the jury still may hear the answers elicited in response to questioning related to the exhibits, then the defense needs no further clarification and, other than our objection noted below, we will ready the videotape for Monday. However, if the Court's ruling related to the exhibits impacts the portions of the videotape that will be shown to the jury, we seek clarification and ask the Court to consider matters addressed below.

### General Objection

As a general matter, we object to the preclusion of the exhibits. The government did not object to their admission at the deposition and, therefore, cannot now object. In a criminal case, "a deposition must be taken and filed in the same manner as a deposition in a civil action." Fed. R. Crim. P. 15(e). Under the civil rules, it is well-settled that "[a]n objection to an error or irregularity at an oral examination is waived if … it is not timely

made during the deposition." Fed. R. Civ. P. 32(d)(3)(B). These civil waiver rules are applicable to criminal depositions as well. United States v. Garcia, 527 F.2d 473, 475 (9th Cir. 1975). This rule serves an important purpose: If the government had made a timely objection to the relevancy of the exhibits, counsel could have laid a proper foundation, by questioning the witness about what aspects of the web pages were the same in 2012 as they are today. Indeed, the defense is aware that, although the pages have changed, the changes are not material to any issue for which the exhibits are being offered. These exhibits are merely intended to give the jury some general context about what darkfetishnet.com looks like. Accordingly, the government's objections to the defense exhibits are unpreserved.

### Exhibit A

As for Exhibit A, defense's questioning of the witness was limited to the disclaimer which appears at the top of the exhibit. (Tr., 19:25-22:17). Mr. Merenkov testified that this paragraph appeared on the website during the relevant time period of the indictment, 2012. (Tr., 21:4-7). As such, this portion of the exhibit and the questions and answers related to it should be admitted at trial. We will redact the exhibit, if necessary.

### Exhibit B

As for Exhibit B, the questions related to this exhibit were limited. (Tr., 35:9-39:13). If the Court intended for its ruling to impact the video then, other than noting our objection above, we will edit the videotape to remove this portion of the deposition.

Respectfully submitted,

Julia L. Gatto
Assistant Federal Defender
(212) 417-8750

cc: AUSAs Hadassa Waxman/Randall Jackson (via email)