USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        -against-

GILBERTO VALLE,

                Defendant.

12 Cr. 847 (PGG)

**JURY CHARGE**

March 7, 2013

## **Table of Contents**

A.   GENERAL INSTRUCTIONS ......................................................................................... 1

  1.   Introduction ......................................................................................................... 1

  2.   Role of the Court ................................................................................................. 1

  3.   Role of the Jury ................................................................................................... 1

  4.   Role of Counsel ................................................................................................... 2

  5.   Sympathy or Bias ................................................................................................ 2

  6.   All Persons Equal Before the Law ...................................................................... 3

  7.   Presumption of Innocence; The Government's Burden of Proof; and the Reasonable Doubt Standard ............................................................................................................... 4

  8.   What Is and Is Not Evidence ............................................................................... 6

  9.   Direct and Circumstantial Evidence ................................................................... 7

  10.   Rulings on Evidence and Objections ................................................................ 8

  11.   Use of Evidence Obtained Pursuant to Search ................................................. 8

  12.   Witness Credibility ........................................................................................... 9

  13.   Prior Inconsistent Statements ......................................................................... 10

  14.   Bias of Witnesses ........................................................................................... 10

  15.   Law Enforcement Witnesses .......................................................................... 11

  16.   Improper Considerations:  Race, Religion, National Origin, Sex or Age ...... 11

  17.   Persons Not on Trial ....................................................................................... 12

  18.   Liability for Thoughts or Interests .................................................................. 12

  19.   Uncalled Witnesses – Equally Available to Both Sides .................................. 12

  20.   Specific Investigative Techniques Not Required ............................................ 13

  21.   Defendant's Right Not to Testify .................................................................... 13

  22.   Statements of Defendant ................................................................................. 14

  23.   Statements by Alleged Co-Conspirators ........................................................ 14

  24.   Preparation of Witnesses ................................................................................ 15

  25.   Variance in Dates ........................................................................................... 15

  26.   Stipulations ..................................................................................................... 16

B.   INSTRUCTIONS AS TO SPECIFIC CHARGES ................................................... 16

  1.   Meaning of the Indictment ............................................................................... 16

2.    Summary of Charges ........................................................................................................ 17

3.    Nature of the Charged Conspiracy, Alleged Co-Conspirators and Targets of               the
Conspiracy ............................................................................................................................. 18

4.    Count One:  Kidnapping Conspiracy – General Instruction ........................................... 19

　a.    Elements of the Conspiracy ...................................................................................... 20

　b.    First Element:  Existence of a Conspiracy .............................................................. 20

　(1)    The Agreement ...................................................................................................... 20

　(2)    Object of the Conspiracy ...................................................................................... 22

　c.    Second Element – Membership in the Conspiracy .................................................. 22

　d.    Third Element– Overt Act ........................................................................................ 25

　e.    Count One (Underlying Offense)  Kidnapping (18 U.S.C. § 1201) ......................... 26

　(1)    (Underlying Offense) Kidnapping – Seize, Confine, Or Kidnap ......................... 27

　(2)    (Underlying Offense) Kidnapping – Ransom, Reward, Or Otherwise ................. 27

　(3)    (Underlying Offense) Kidnapping – Interstate Commerce .................................. 27

　(4)    (Underlying Offense) Kidnapping – "Unlawfully," "Knowingly," And "Willfully" ............ 27

　f.    Time of Conspiracy ................................................................................................... 28

5.    Count Two:  Accessing A Federal Government Computer Database Without Authorization (18
U.S.C. § 1030(a)(2)(B) ........................................................................................................... 28

　b..    Accessing A Federal Government Computer Database Without Authorization – First Element
– Unauthorized Access of A Computer Database ................................................................. 29

　c.    Accessing A Federal Government Computer Database Without Authorization – Second
Element – Intentional Conduct ............................................................................................. 29

　d.    Accessing A Federal Government Computer Database Without Authorization – Third Element
– Obtaining Federal Information .......................................................................................... 30

6.    All Counts – Venue ......................................................................................................... 30

C.    FINAL INSTRUCTIONS CONCERNING PROCEDURE ............................................. 31

1.    Right to See Exhibits and Hear Testimony; Communications with the Court ................ 31

2.    Duty to Deliberate/Unanimous Verdict ......................................................................... 32

3.    Juror Notes ..................................................................................................................... 33

4.    Verdict ............................................................................................................................. 33

5.    Duties of Foreperson ...................................................................................................... 33

6.    Return of Verdict ............................................................................................................ 34

7.    Conclusion ...................................................................................................................... 34

A.    **GENERAL INSTRUCTIONS**

1.    Introduction

Now it is time for me to instruct you as to the law that governs the case.  You have been handed a copy of the instructions I will read.  You should feel free to read along with me or to just listen to me.  You will be able to take your copies of the instructions into the jury room.

There are three parts to these instructions.  First, I'll give you general instructions about your role, and about how you are to decide the facts of the case, i.e., what happened.  Second, I'll give you instructions as to the specific charges in this case.  Third, I'll give you some final instructions about procedure.

It is important that you listen carefully.  I am reading these instructions from a prepared text because the law is made up of words that are very carefully chosen.  This is not a time to ad lib.  When I tell you what the law is, it's critical that I use exactly the right words.

2.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any lawyer has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.  You must not substitute your own notions or opinions of what the law is or what it ought to be.

3.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You decide what happened.  You must determine the facts based solely on the evidence received in this

trial.  It is your sworn duty under the oath you have taken as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

       4.    <u>Role of Counsel</u>

The personalities and the conduct of counsel in the courtroom are not in any way at issue.  If you formed an opinion of any kind as to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, that should not enter into your deliberations.

The lawyers and I have had sidebar conferences and other conferences out of your hearing.  These conferences involved procedural and evidentiary matters, and should not enter into your deliberations at all.

A lawyer has a duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.  It is my job to rule on those objections.  Why an objection was made or how I ruled on it is not your concern.  You should not draw any inference simply from the fact that a lawyer objects to a question, or that I sustained or overruled an objection.

       5.    <u>Sympathy or Bias</u>

You must evaluate the evidence calmly and objectively, without prejudice or sympathy.  You must be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.  Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.  Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift

through the evidence is:  has the Government proven each element of the charges against the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the Defendant is guilty of the crimes charged, and you are to do so solely on the basis of the evidence and subject to the law as I explain it to you.  If you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the Defendant's guilt, you should not hesitate for any reason to reach a verdict of not guilty.  But on the other hand, if you should find that the Government has met its burden of proving beyond a reasonable doubt that the Defendant is guilty, you should not hesitate because of sympathy or any other reason to reach a verdict of guilty.

The question of possible punishment of the Defendant is of no concern to the jury and should not enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon me.  Your function is to weigh the evidence in the case and to determine whether or not the Defendant has been proven guilty beyond a reasonable doubt, solely upon the basis of such evidence or lack of evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed on the Defendant, if he is convicted, to influence your verdict in any way, or, in any sense, to enter into your deliberations.  Similarly, you cannot permit any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  Your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

6.      All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and that the prosecution is

brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less consideration.

In reaching your decision as to whether the Government sustained its burden of proof, you may not consider any personal feelings you may have about the Defendant's race, ethnicity, national origin, sex or age.  All persons are entitled to the same presumption of innocence.

The Government also has the same burden of proof with respect to all persons. Accordingly, the Defendant's status as a New York City Police Officer – currently under suspension – does not lessen or increase the Government's burden of proof.  Stated another way, the Defendant is not held to a higher standard because he is a police officer.  As with any other individual charged with a crime, the issue is whether the Government has met its burden of demonstrating each element of the offense beyond a reasonable doubt.

7.      Presumption of Innocence; The Government's Burden of Proof; and the <u>Reasonable Doubt Standard</u>

The Defendant has pled not guilty.  In doing so, the Defendant has denied the charges in the Indictment. As a result, the Government has the burden of proving the charges against him beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, of calling any witness, or of locating or producing any evidence.

A defendant does not have to prove his innocence.  To the contrary, the Defendant is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proven him guilty beyond a reasonable doubt.

The Defendant began the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced

4

beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence.  If the Government fails to sustain its burden, you must find the Defendant not guilty.

I will now address reasonable doubt.  What is reasonable doubt?  It is a doubt founded in reason and arising out of the evidence in the case, or the lack of evidence.  It is doubt that a reasonable person has after carefully weighing all the evidence.  Reasonable doubt is a doubt that arises from your own judgment, experience and common sense when applied to the evidence.

If, after a fair and impartial consideration of all the evidence, you are not satisfied of the guilt of the Defendant, if you do not have an abiding conviction of his guilt, you must find him not guilty.  In other words, if you have such a doubt as would cause you, as a prudent person, to hesitate before acting in matters of importance to yourself, then you have a reasonable doubt, and it is your duty to find the Defendant not guilty.

On the other hand, if after a fair and impartial consideration of all the evidence you do have an abiding conviction of the Defendant's guilt – in other words, a conviction you would be willing to act upon without hesitation in important matters in your own life, then you have no reasonable doubt, and it is your duty to convict the Defendant.

Reasonable doubt is not whim or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  Nor is it sympathy for the Defendant.  Reasonable doubt also does not mean beyond all possible doubt.  It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that by its nature is not susceptible to mathematical certainty.  As a result, the law in a criminal case is that it is sufficient for the Government to establish the guilt of a defendant beyond a reasonable doubt, not beyond all possible doubt.

8.      <u>What Is and Is Not Evidence</u>

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the testimony of the witnesses, the exhibits received in evidence, and the stipulation as to certain facts entered into by the parties.  If I have sustained an objection to a question or stricken testimony, the answers given by a witness are not part of the evidence in this case and may not be considered by you.  For the same reasons, you are not to consider a lawyer's questions as evidence.  It is the witnesses' answers that are evidence, not the questions.

Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their closing arguments is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from what the lawyers argued, it is your recollection that controls.  You must determine the facts based solely on the evidence received in this trial.  In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers said in opening statements, in closing arguments, in objections, or in questions is not evidence.

I remind you also that nothing I have said during the trial or will say during these instructions is evidence.  Similarly, the rulings I have made during the trial are not any indication of my views of what your decision should be.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

### 9.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict: direct evidence and circumstantial evidence.

Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, you could conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of reason and experience and common sense, you infer from one established fact the existence or non-existence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven. Many material facts – such as what a person was thinking or

7

intending – are rarely easily proven by direct evidence.  Often such facts are established by circumstantial evidence.

Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all the evidence in the case, circumstantial and direct.

There are times when different inferences may be drawn from the evidence.  The Government asks you to draw one set of inferences.  The Defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

10. <u>Rulings on Evidence and Objections</u>

You should draw no inference or conclusion for or against any party based on a lawyer's objection or my ruling on the objection.  Counsel has an obligation to object when he or she believes that evidence is not properly admitted under the rules of evidence.

You should likewise draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or party in the case, by reason of any question I posed to a witness.

11. <u>Use of Evidence Obtained Pursuant to Search</u>

You have heard evidence that law enforcement officials obtained evidence during the investigation that preceded this case.  This evidence was lawfully obtained and may properly be considered by you.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations, because the Government's use of this evidence at trial is entirely lawful.

What weight you choose to give this evidence is entirely up to you.

12.    <u>Witness Credibility</u>

You should evaluate the credibility or believability of the witnesses by using your common sense.  Common sense is your greatest asset as a juror.  Ask yourself whether the witness appeared honest, open and candid.  Did the witness appear evasive or as though he or she was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that any witness has lied under oath at this trial, you should view the testimony of that witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of that witness's testimony.

In sum, it is up to you to decide whether the testimony of a witness is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of that witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know
the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

9

- the reasonableness of the witness's testimony in light of all the evidence in the case.

13.     Prior Inconsistent Statements

You may have heard evidence that, at some earlier time, witnesses have said or done something that counsel argues is inconsistent with their trial testimony.

Evidence of prior inconsistent statements is introduced for the purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that a witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with an insignificant detail; whether the witness had an explanation for the inconsistency, and whether that explanation accords with your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

14.     Bias of Witnesses

In deciding whether to believe a witness, you should consider whether there is any evidence that the witness is biased in favor or against one side or the other.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.   It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased,

you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Of course, the mere fact that a witness has an interest in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

15.     <u>Law Enforcement Witnesses</u>

You have heard testimony from witnesses employed by law enforcement agencies. The fact that a witness is employed by a law enforcement agency does not mean that his or her testimony deserves more or less consideration or greater or lesser weight than that of any other witness.

It is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

16.     <u>Improper Considerations:  Race, Religion, National Origin, Sex or Age</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's race, religion, national origin, sex or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, or age of any witness or anyone else involved in this case.  Both sides are entitled to a trial fee of prejudice,

11

and our judicial system cannot work unless your reach your verdict through a fair and impartial consideration of the evidence.

17.     <u>Persons Not on Trial</u>

You may not draw any inference, favorable or unfavorable, from the fact that no person other than the Defendant is on trial here.  You may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

18.     <u>Liability for Thoughts or Interests</u>

The Defendant cannot be convicted of a crime based solely on his thoughts or his interests, as reflected by the evidence in this case.  As I told you at the outset of this case, the issue is not whether you approve or disapprove of, for example, the activities that are the subject of darkfetishnet.com.  The issue you will be asked to decide is whether the Government has proven each element of the crimes the Defendant has been charged with beyond a reasonable doubt.  If you conclude that the Government has met its burden of proof on these issues, the Constitution, and in particular the First Amendment, provide no defense to a finding of criminal liability.

19.     <u>Uncalled Witnesses – Equally Available to Both Sides</u>

There are persons whose names you heard during the course of the trial but who did not appear to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inference or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should remember my instruction, however, that the law does not impose on the Defendant the burden or duty of calling any witnesses or producing any evidence,

and that is the Government's burden to prove beyond a reasonable doubt each element of the crimes charged in the Indictment.

### 20.   Specific Investigative Techniques Not Required

During the trial, counsel made reference to the fact that the Government did not utilize certain investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the Defendant is guilty. However, you also are instructed that there is no legal requirement that the Government use any particular investigative technique to prove its case.

Your concern, as I have said, is to determine whether or not, on the basis of the evidence or lack of evidence, the Defendant's guilt has been proven beyond reasonable doubt.

### 21.   Defendant's Right Not to Testify

The Defendant did not testify in this case. Under our Constitution, a Defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the Defendant's guilt beyond a reasonable doubt. That burden remains with the Government throughout the trial and never shifts to the Defendant. The Defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the Defendant did not testify. You may not draw any inference against him because he did not take the witness stand. You may not speculate as to why the Defendant did not testify, and you may not consider this against the Defendant in any way in your deliberations.

13

22.     <u>Statements of Defendant</u>

The Government alleges that the Defendant made statements to law enforcement authorities after his arrest.

Evidence of these statements was admitted at trial and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of the circumstances under which the statements were made and all of the other evidence in the case.

23.     <u>Statements by Alleged Co-Conspirators</u>

You heard evidence of the acts and statements of others whom the Government contends were co-conspirators of the Defendant.

The reason for admitting this evidence has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the Defendant was a member of the kidnapping conspiracy charged in the Indictment, then any acts done or statements made in furtherance of that conspiracy by persons also found by you to have been members of that conspiracy may be considered against the Defendant.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the Defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the charged conspiracy, or if they were not done or said in furtherance of that conspiracy, they may not be considered by you as evidence against the Defendant.

24.   Preparation of Witnesses

You heard evidence that certain witnesses have discussed the facts of the case and their testimony with lawyers before the witness appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, there is nothing either unusual or improper about a witness meeting with lawyers before testifying. In fact, it would be unusual for a lawyer to call a witness to testify without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

25.   Variance in Dates

The Indictment in this case refers to various dates.  It does not matter if the Indictment states that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established as evidence.

26.    <u>Stipulations</u>

You have heard evidence in the form of a stipulation, or agreement, as to certain facts.  Where the parties have entered into an agreement as to facts, you must regard the agreed-upon facts as true.

27.    <u>Lay Opinion</u>

Certain witnesses expressed their belief or opinion as to whether the Defendant's communications with others reflected fantasy or reality.  You may give this testimony whatever weight, if any, you find that it deserves in light of all the evidence in this case.  The determination of this issue is for you and you alone.

28.    <u>Rules of Conduct</u>

During you deliberations, all the rules of conduct concerning outside influences remain in effect.  As I have instructed you many times, your verdict must be based solely on the evidence presented in this courtroom.  Accordingly, you are still not permitted to discuss this case with anyone but your fellow jurors, and you may not read anything in the newspapers, over the Internet, or elsewhere about this case.  Also do not listen or watch any reporting about this case if it should be broadcast on TV or over the radio.

**B.    <u>INSTRUCTIONS AS TO SPECIFIC CHARGES</u>**

I will now turn to the law applicable to the specific charges in this case.

1.    <u>Meaning of the Indictment</u>

As you know, the charges against the Defendant are contained in an Indictment.  An Indictment is not evidence.  It is merely an accusation, a statement of the charges made against the Defendant.  It gives the Defendant notice of the charges against him.  It informs the court and the public of the nature of the accusation.

16

A Defendant begins trial with an absolutely clean slate and without any evidence against him.  The charges in the Indictment are merely an accusation.  You cannot consider the Indictment as evidence of the guilt of the Defendant.  What matters is the evidence that you heard and saw during the trial.

      2.    <u>Summary of Charges</u>

The Indictment ("Indictment") in this case contains two charges or counts.  I will now read the two counts.

<u>COUNT ONE</u>

The Grand Jury charges:

1.  From at least in or about January 2012, up to and including in or about October 24, 2012, in the Southern District of New York and elsewhere, GILBERTO VALLE, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1201.

2.  It was a part and an object of the conspiracy that GILBERTO VALLE, the defendant, and others known and unknown, would unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, a person and use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping, in violation of Title 18, United States Code, Section 1201.

<u>Overt Acts</u>

3.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

17

a.      On or about July 9, 2012, GILBERTO VALLE, the defendant, using the Internet and an electronic instant messaging program, communicated with a co-conspirator not named as a defendant herein, about kidnapping, cooking and eating body parts of a woman ("Victim-1").

b.      On or about July 22, 2012, GILBERTO VALLE, the defendant, traveled to Maryland to meet with Victim-1.

c.      On or about May 31, 2012, GILBERTO VALLE, the defendant, accessed a law enforcement database without authorization.

(Title 18, United States Code, Section 1201(c).)

## COUNT TWO

The Grand Jury further charges:

4.  On or about May 31, 2012, in the Southern District of New York, GILBERTO VALLE, the Defendant, intentionally and knowingly accessed a computer without authorization and exceeded authorized access and thereby obtained information from a department and agency of the United States, to wit, VALLE accessed, and obtained information from, the federal National Crime Information Center database, without authorization, and outside the scope of his authority.

(Title 18, United States Code, Sections 1030(a)(2)(B).)

3.      Nature of the Charged Conspiracy, Alleged Co-Conspirators and Targets of the Conspiracy

The Government alleges that the Defendant was a participant in a conspiracy to kidnap women.

The Government alleges that the Defendant's co-conspirators were:  (1) Michael Vanhise; (2) an individual known as "Aly Khan," who uses the Internet email address

"Alisherkhan79@yahoo.com;" and (3) an individual known as "Moody Blues," also known as "Christopher Collins," who uses the Internet email address "meatmarketman@rocketmail.com."

The Government further alleges that the Defendant conspired, or agreed, with one or more of these alleged co-conspirators to kidnap one or more of the following women:  (1) Kathleen Mangan; (2) Alisa Friscia; (3) Andrea Noble Condez; (4) Kimberly Sauer; and (5) Kristen Ponticelli.  The Government further alleges that the Defendant discussed kidnapping Maureen Hartigan with alleged co-conspirator Aly Khan and that he took steps in furtherance of his interest in kidnapping Maureen Hartigan as part of the overall conspiracy to kidnap women.

In a moment, I will discuss in detail what elements the Government must prove beyond a reasonable doubt before you can convict the Defendant of conspiracy to commit kidnapping.  However, I want you to be aware that before you can convict the Defendant on this charge you must find that the Government has proven beyond a reasonable doubt that the Defendant conspired, or agreed, with Michael Vanhise, Aly Khan, or Moody Blues to kidnap Mangan, Friscia, Noble Condez, Sauer or Ponticelli, and that one of the alleged conspirators – the Defendant, Michael Vanhise, Aly Khan, or Moody Blues – committed an overt act in furtherance of the agreement to kidnap Mangan, Friscia, Noble Condez, Sauer or Ponticelli.

4.      Count One:  Kidnapping Conspiracy – General Instruction

Count One of the Indictment charges the Defendant with participating in a conspiracy to commit kidnapping.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to commit kidnapping is an independent offense, separate and distinct from the substantive crime of kidnapping.  Indeed, a defendant may be found guilty of

19

the crime of conspiracy to commit kidnapping even if the charged conspiracy was not successful and no kidnapping was ever actually committed.  That is because conspiracy to commit kidnapping is a stand-alone, separate crime.

      a.      <u>Elements of the Conspiracy</u>

To meet its burden of proving the kidnapping conspiracy charged in Count One of the Indictment, the Government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that the conspiracy charged in Count One existed – that is, that an agreement or understanding between two or more persons existed in or about January 2012, up to and including in or about October 24, 2012, to commit kidnapping..

<u>Second</u>, that the Defendant intentionally and knowingly became a member of that conspiracy.

<u>Third</u>, that during the life of the conspiracy, one of the conspirators, not necessarily the Defendant, knowingly committed at least one overt act in furtherance of the conspiracy in the Southern District of New York.

      b.      <u>First Element:  Existence of a Conspiracy</u>

A conspiracy is a combination, agreement, or understanding of two or more persons to accomplish, by concerted action, a criminal or unlawful purpose.  For Count One, the unlawful purpose alleged to be the object of the conspiracy is to commit kidnapping.

The gist, or essence, of the crime of conspiracy is an unlawful agreement between two or more people to violate the law.  The first element of the crime of conspiracy thus has two parts:  (i) the agreement; and (ii) the object of the conspiracy.

      (1) <u>The Agreement</u>

To establish a conspiracy, the Government is not required to show that two or more

20

people sat down around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details of the plans and the means by which the unlawful project is to be carried out, or the part that each of the persons who is a party to the conspiracy is going to play.

When people undertake to enter into a criminal conspiracy, much is often left to the unexpressed understanding.  Conspirators do not usually reduce their agreements to a formal writing.  They don't typically publicly broadcast their plans.  From its very nature, a conspiracy is almost always secret in its origin and execution.

It is enough if two or more people, in some way or manner, impliedly or tacitly, come to an understanding to violate the law.  Express language or specific words are not required to indicate assent or agreement to the conspiracy.  You need only find that two or more people entered into the unlawful agreement alleged in Count One to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in Count One, you may judge the proven acts and conduct of the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," is applicable here.  Often, the only evidence that is available is that of disconnected acts that, when taken together in connection with one another, show a conspiracy or an agreement to secure a particular result just as satisfactorily and conclusively as more direct proof.

It is not necessary, as I have said, that the conspiracy actually succeed for you to conclude that it existed.

In deciding whether the conspiracy charged in Count One existed, you may consider all the evidence of the acts, conduct, and statements of those you determine the Government has proven were co-conspirators of the Defendant and the reasonable inferences to be drawn from that

21

evidence.  This is because when people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may take into account against the Defendant any acts or statements made by any of the alleged co-conspirators during the course of the conspiracy, even though such acts or statements were not made in the presence of the Defendant or were made without his knowledge.

It is sufficient to establish the existence of the conspiracy that you find, beyond a reasonable doubt, that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to accomplish the objective of the conspiracy charged in Count One.

(2) <u>Object of the Conspiracy</u>

The second part of the first element relates to the object, or objective, of the conspiracy.  The alleged objective of the conspiracy here was to commit kidnapping through the use of a means, facility, and instrumentality of interstate commerce, that is, the Internet.

c.   <u>Second Element – Membership in the Conspiracy</u>

If you conclude that the Government has proven beyond a reasonable doubt that the charged conspiracy existed, and that the conspiracy had as its object the illegal purpose charged in the Indictment, then you must next determine the second question:  Whether the Defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the Defendant knowingly and intentionally entered into the conspiracy with a criminal intent – that is, with a purpose to violate the law – and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

22

The terms "unlawfully" and "intentionally" and "knowingly" are intended to ensure that if you find that the Defendant joined the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

"Unlawfully" simply means contrary to law. The Defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts. An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the Defendant's acts must have been the product of the Defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

Knowledge and intent are, of course, matters of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what he or she is thinking.

The Government has offered evidence of communications by the Defendant, and actions taken by the Defendant, which it contends demonstrate beyond a reasonable doubt that the Defendant agreed with the alleged co-conspirators to kidnap Mangan, Friscia, Noble Condez, Sauer or Ponticelli and that he intended to kidnap these women. If you accept the Government's arguments, you will conclude that the Defendant participated in the charged conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Defense contends that the Defendant's online discussions about kidnapping and other violent acts were only expressions of fantasies, fictional stories, and make-believe role play. If you accept the Defendant's arguments, you will find that the Defendant never intended to join a kidnapping conspiracy, and you will find him not guilty on Count One. As I have said a number of

23

times, the Defendant has no burden to prove anything in this case.  The burden is always on the Government to prove all elements of the charged offenses beyond a reasonable doubt, including those elements that relate to knowledge and intent.

It is, however, not necessary for the Government to show that the Defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on the part of the Defendant.  To have guilty knowledge, the Defendant need not know the full extent of the conspiracy, or all of the activities of all of its participants.  It is not even necessary for the Defendant to know every other member of the conspiracy.  In fact, the Defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary for the Defendant to receive any monetary benefit from his participation in the conspiracy, or that he have a financial stake in the outcome.  It is enough if he participated in the conspiracy unlawfully, intentionally and knowingly, as I have defined those terms.

The duration and extent of the Defendant's participation has no bearing on the issue of the Defendant's guilt.  The Defendant need not have joined the conspiracy at the outset.  The Defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.  Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the Defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  In other words, knowledge without

24

agreement and participation is not sufficient.  What is necessary is that the Defendant joined in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its member.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> d.     Third Element– Overt Act

The third element is the requirement of an overt act.  To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators – but not necessarily the Defendant – in the Southern District of New York.

The purpose of the overt act requirement is clear.  There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.  The only requirement is that one of the members of the conspiracy – again, either the Defendant or any other individual you find to have been a co-conspirator – has taken some step or action in furtherance of the conspiracy in the Southern District of New York during the life of the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for it to prove any particular overt act, or even that the Defendant committed an overt act.  It is sufficient for the Government to show that the Defendant or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy.

25

The overt act need not have been committed at precisely the place alleged in the Indictment. Moreover, the overt act need not have been alleged in the Indictment. It can be any overt act, whether alleged in the Indictment or not, if you are convinced beyond a reasonable doubt that it was committed by a co-conspirator in furtherance of the conspiracy and while the conspiracy was in existence and within the Southern District of New York.

I want to caution you, however, that the database searches allegedly conducted in July 2011 do not constitute overt acts in furtherance of the conspiracy charged in Count One. This evidence was only admitted as background evidence for the kidnapping conspiracy charge.

e.      Count One (Underlying Offense)  Kidnapping (18 U.S.C. § 1201)

In order to determine whether there was a conspiracy to commit kidnapping, it is important that you understand what the elements of kidnapping are. Now the Indictment charges only that the Defendant conspired to commit kidnapping, so the Government is not required to prove each of the elements of kidnapping or that that the Defendant actually completed a kidnapping. The Government is, however, required to prove that the kidnapping crime that was the objective of the conspiracy would have included all of the following elements:

First, that an individual would be seized, confined, kidnapped, or abducted;

Second, that an individual would be held for ransom or reward, or held for any other reason;

Third, that an individual would be transported in interstate or foreign commerce, or that the Defendant would travel in interstate or foreign commerce, or that the Defendant would use a facility or instrumentality of interstate or foreign commerce in committing or in furtherance of the kidnapping, including the Internet; and

Fourth, that these acts would be committed unlawfully, willfully, and knowingly.  I will define these terms.

### (1)  (Underlying Offense) Kidnapping – Seize, Confine, Or Kidnap

"Kidnap" means to take or carry away a person by force and against his or her will. "Seize," "confine," "abduct," and "carry away" all mean the physical or bodily taking and carrying away of a person, or the holding or restrictions of someone by force or without that person's consent.

### (2)  (Underlying Offense) Kidnapping – Ransom, Reward, Or Otherwise

There is no requirement that an individual would be held for reward or pecuniary gain.  It is sufficient if there is proof that the kidnapping would be committed for some purpose, such as personal gratification or pleasure.

### (3)  (Underlying Offense) Kidnapping – Interstate Commerce

Interstate or foreign commerce simply means movement across a state line or an international border.  Proof that the Defendant would travel in interstate commerce, or that a kidnap victim would be transported in interstate commerce, or that a means, facility, or instrumentality of interstate or foreign commerce – such as the Internet – would be used in connection with the kidnapping conspiracy is sufficient.

### (4)  (Underlying Offense) Kidnapping – "Unlawfully," "Knowingly," And "Willfully"

I have already defined "unlawfully" and "knowingly."  An act is done "willfully" if it is done knowingly and with the intent to do something the law forbids, or with bad purpose either to disobey or disregard the law.

In order to satisfy this element of the underlying offense, the Government would be required to prove that a Defendant knew that the individual he was kidnapping would not be accompanying him voluntarily but rather would be forced or coerced to come along.

I want to emphasize that the underlying offense of actual kidnapping is not charged in this case and that the Government is not required to demonstrate that an actual kidnapping took place.  But in determining whether the Government has demonstrated beyond a reasonable doubt that the Defendant participated in a kidnapping conspiracy, you need to find that the unlawful agreement contemplated each of the elements of kidnapping I have listed.

f.      <u>Time of Conspiracy</u>

The Indictment alleges that the charged conspiracy existed in or about January 2012, up to including on or about October 24, 2012.  It is not essential that the Government prove that the alleged conspiracy started and ended on any specific date.  It is sufficient if you find that the conspiracy was formed and that it existed for some time within or around the dates set forth in the Indictment.

5.      <u>Count Two:  Accessing A Federal Government Computer Database Without Authorization (18 U.S.C. § 1030(a)(2)(B)</u>

a.      <u>Elements of the Offense</u>

I will now turn to Count Two of the Indictment.  In order to prove the Defendant guilty of the crime charged in Count Two, the Government must establish each of the following elements beyond a reasonable doubt:

First, that on or about May 31, 2012, the Defendant accessed a computer without authorization or accessed a computer with authorization, but exceeded his authority in accessing the information in question;

Second, that he acted intentionally; and

28

Third, that he obtained information from a department or agency of the United States, to wit, that he accessed, and obtained information from, the federal National Crime Information Center ("NCIC") database, without authorization or outside the scope of his authority.

You should be aware that you cannot convict the Defendant on Count Two based on the July 2011 alleged database searches.  Count Two only addresses conduct that allegedly took place on  May 31, 2012.

        b..    <u>Accessing A Federal Government Computer Database Without Authorization – First Element – Unauthorized Access of A Computer Database</u>

The first element that the Government must prove beyond a reasonable doubt is that the Defendant accessed a computer with authorization, but that he exceeded his authority in accessing the information in question.

The term "computer" means "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directed related to or operating in conjunction with such device."

Accordingly, to satisfy the first element of Count Two, the Government must prove beyond a reasonable doubt that the Defendant had access to the computer in question, and that while he was authorized to access the computer, he exceeded his authority in accessing the information at issue.

        c.    <u>Accessing A Federal Government Computer Database Without Authorization – Second Element – Intentional Conduct</u>

The second element the Government must prove beyond a reasonable doubt is that the Defendant acted intentionally in accessing the computer outside the scope of authority.

29

"Intentionally" means to act deliberately and purposefully.  That is, the Defendant's acts must have been the product of his conscious objective, rather than the product of mistake or accident.

The question of whether a person acted intentionally is a question of fact for you to determine, like any other fact question.

In the context of Count Two, the Government must establish beyond a reasonable doubt that the Defendant knew that, in using the computer to access the NCIC database to obtain the information at issue, he was exceeding his authority.

        d.      <u>Accessing A Federal Government Computer Database Without Authorization – Third Element – Obtaining Federal Information</u>

The third element the Government must prove beyond a reasonable doubt is that the Defendant obtained information in a computer of any department or agency of the United States.

Here, the Government has offered evidence that that the Federal Bureau of Investigation maintains and operates the NCIC database.  However, it is for you to determine whether the Government has proved, beyond a reasonable doubt, that in a manner that exceeded his authority, the Defendant obtained information from the NCIC database.

        6.      <u>All Counts – Venue</u>

In addition to the elements of each of the charges that I have discussed, you must also consider the issue of venue, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York encompasses, among other things, all of Manhattan, the Bronx, and Westchester County.  It also includes all of the waters surrounding Manhattan, Brooklyn, Staten Island and Long Island and the air and bridges over those waters.  It is sufficient to find venue in the Southern District of New York

if you find that the Defendant or any co-conspirator committed any act in furtherance of the conspiracy in this District during the existence of the conspiracy.

On this issue, and on this issue alone, the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. A preponderance of the evidence means more likely than not. Thus, the Government has satisfied its burden under the venue element if you conclude, as to each of the charged crimes, that it is more likely than not that the crime charged or any act in furtherance of the crime charged occurred in the Southern District of New York. If, on the other hand, you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must find the Defendant not guilty on the count you are considering.

### C.   FINAL INSTRUCTIONS CONCERNING PROCEDURE

1.   Right to See Exhibits and Hear Testimony; Communications with the Court

That concludes my instructions concerning the specific charges at issue in this case. [In a moment, you will go into the jury room and begin your deliberations.]

If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that portions of the trial transcript be sent back to you in the jury room. If you want any testimony, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.

All of the exhibits that have been received in evidence will be sent into the jury room.

If you want any further explanation of the law as I have explained it to you, you may also request that. As I noted earlier, however, you will all take into the jury room a copy of these instructions.

Any communication to me should be made in writing, signed by your foreperson, include the date and time, and be given to one of the Marshals.  Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

> 2.    <u>Duty to Deliberate/Unanimous Verdict</u>

Your function is to weigh the evidence in this case and to decide whether the Government has proven beyond a reasonable doubt each of the essential elements of the crimes with which the Defendant is charged.  If the Government has succeeded in meeting its burden, your verdict should be guilty; if it has failed to do so, it should be not guilty.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.

Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy or to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Your verdict must be unanimous as to each charge in the Indictment.  However, you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges — judges of the facts.  Your sole interest is to determine whether the Government has proven the Defendant's guilt beyond a reasonable doubt.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

3. <u>Juror Notes</u>

A number of you have taken notes during the trial.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  Any notes that you may take are not evidence.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

4. <u>Verdict</u>

I have prepared a verdict form for you to use in recording your decision.  Please use that form to report your verdict.

5. <u>Duties of Foreperson</u>

Finally, I referred a moment ago to a foreperson.  It is customary for Juror Number 1 to serve as the foreperson, and that is what we will do here.  The foreperson doesn't have any more

33

power or authority than any other juror, and his vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He will send out any notes, and when the jury has reached a verdict, he will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

      6.    <u>Return of Verdict</u>

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

      7.    <u>Conclusion</u>

Members of the jury, that concludes my instructions to you.  I will ask you to remain seated while I confer with the lawyers to see whether there are any additional instructions that they wish me to give.

* * * * *

Before you retire into the jury room I must excuse our alternates with the thanks of the court.  You have been very attentive and very patient, and I deeply appreciate your service.  I'm sorry that you will miss the experience of deliberating with the jury but the law provides for a jury of twelve persons in this case.

I have one final instruction to you.  I must ask you to abide by the rules of conduct until the jury reaches a verdict.  That is because, in the event that someone on the jury cannot continue during deliberations, it may be necessary for you to rejoin the jury.  Accordingly, until the

jury reaches a verdict, you may not discuss this case with anyone, you may not read anything in the newspapers, over the Internet, or elsewhere about this case, and you may not listen to or watch any reporting about this case on TV or over the radio.  If you would like to be advised of the outcome of the trial, please let us know, and we will contact you as soon as there is a verdict.

Before the rest of the jury retires into the jury room, I must ask the alternate jurors  to retrieve any belongings they might have left in the jury room.

**[Alternates excused]**

The Marshal will now be sworn.  Members of the jury, you may now retire.